## · Joe Triggs v. The State.

No. 10082.   Delivered April 28, 1926.

Rehearing withdrawn January 5, 1927.

1.—Possessing Intoxicating Liquor—Statement of Facts and Bills of Exception—Time for Filing.

' Under our statute as amended in the revision of 1925, statement of facts and bills of exception must be filed within ninety days from the date that notice of appeal is given. Trial courts are without authority to extend this time. Appellant's statement of facts having been filed more than ninety days after notice of appeal, cannot be considered, notwithstanding the time for filing was extended by the trial court. In the absence of a statement of facts and bills of exception the cause must be affirmed. See Art. 760, C. C. P. 1925.

### ON REHEARING.

2.—Same—Motion Withdrawn.

Appellant has filed a written application, duly verified, requesting the withdrawal of his motion for rehearing. Same is granted and mandate will issue upon the original hearing in which the judgment of the trial court was affirmed.

Appeal from the District Court of Brazos County. Tried below before the Hon. W. C. Davis, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

The opinion states the case.

*Lamar Bethea,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, Judge.—The appellant was convicted in the District Court of Brazos County of unlawfully possessing intoxicating liquors, and his punishment assessed at one year in the penitentiary.

The record discloses that the judgment of conviction herein was dated October 12, 1925, and the motion for new trial was overruled and notice of appeal given on October 19, 1925, at which time the court granted appellant ninety days from and after the adjournment of court within which to prepare and file his statement of facts and bills of exception. The record further discloses that appellant's only bill of exceptions was filed January

23, 1926, and the statement of facts was filed January 26, 1926, both the statement of facts and bill of exceptions being filed more than 90 days after the date of the order overruling appellant's motion for a new trial and after notice of appeal had been given, but within 90 days after the adjournment of that term of court. The attorneys for the state move to strike out the bill of exceptions and statement of facts because same were filed more than ninety days after the date of the order overruling the motion for new trial and notice of appeal, the state's contention being based upon subdivisions 4 and 5 of Art. 760, 1925 Code of Criminal Procedure. Subdivisions 4 and 5 of Art. 760, supra, specifically state that appellant only has ninety days from and after giving notice of appeal within which to prepare and file his statement of facts and bills of exception. The new code went into effect on September 1, 1925, and was in force and effect prior to the date of the trial hereof. It is therefore manifest that said statement of facts and bill of exceptions being filed more than ninety days after notice of appeal, this court is without authority of law to consider same, and the motion of the attorneys for the state will have to be sustained. Bailey v. State, No. 10078, opinion delivered April 21, 1926, yet unreported.

With the statement of facts and bill of exceptions eliminated, and no error being shown in the record, the judgment of the trial court is in all things ordered affirmed.

*Affirmed.*

The foregoing opinion by the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Since the filing of his motion for rehearing, appellant has filed a written application, duly verified, requesting the withdrawal of said motion. The application is granted, and it is ordered that mandate issue upon the original hearing in which the judgment of the trial court was affirmed.

*Motion withdrawn.*