## S. G. NEWSOME V. THE STATE.

No. 10021.   Delivered May 5, 1926.

Rehearing denied June 25, 1926.

Second Rehearing denied November 24, 1926.

**1.—Sale of Intoxicating Liquor—Bills of Exception—Time for Filing.**

Under the charge made by the 1925 Code of Criminal Procedure, which went into effect September 1, 1925, the time within which bills of exception may be filed was changed from ninety days from the adjournment of the trial term of the court below to ninety days from the giving of notice of appeal.   Appellant's bills of exception were filed 102 days after the giving of notice of appeal, and cannot be considered.

**2.—Same—Evidence—Held Sufficient.**

Where, on a trial for the sale of intoxicating liquor, the state witness testified that he went to appellant at his store, and asked him "if he had anything."   That appellant replied yes, and for him to go on down the hill and wait, and a negro would bring it to him and it would cost him $2.50. That he obeyed appellant's instructions, and shortly thereafter a negro brought him a quart of corn whiskey, for which he paid the negro the sum of $2.50, we cannot say that this evidence was insufficient to support the conviction.

ON REHEARING.

**3.—Same—Continued.**

Conflicts in testimony are to be settled by the jury, and their conclusions as to the credibility of a witness will rarely be disturbed by the trial court.   The fact that a witness on cross-examination yields in some matters, and to some extent, does not affect the proposition that his credibility is for the jury.   In the instant case it would not appear material whether appellant sent the whiskey or whether he had the negro bring it. The motion for rehearing will be overruled.

SECOND APPLICATION FOR REHEARING.

**4.—Same—Application to File Second Motion for Rehearing—Denied.**

Appellant asks leave to file a second motion for rehearing, contending that we were mistaken in holding the evidence sufficient to support the conviction.   This court cannot agree with his contention and the motion is denied.

Appeal from the District Court of Upshur County.   Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*M. B. Briggs* and *C. E. Florence* of Gilmer, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Upshur County of selling intoxicating liquor; punishment two years in the penitentiary.

It is to be regretted that under the change made by the 1925 Code of Criminal Procedure which went into effect September 1st of that year, the time within which bills of exception may be filed was changed from ninety days from the adjournment of the trial term of the court below, to ninety days from the giving notice of appeal. In the case before us the bills of exceptions were filed 102 days after the giving of the notice of appeal. We have no option but to give effect to the law as it now is and hold that the bills of exception were filed too late.

The state's testimony seems ample to make out a case. Three young men in a car going on a fishing trip stopped at appellant's store and Hill went in and had a conversation with appellant, and according to Hill's testimony, asked appellant if he had anything. Hill testified that appellant replied that if he would drive on down the hill and wait there a negro would bring it to him. He said appellant told him the price would be $2.50; that he and the other boys drove their car down to a certain place where appellant told them to wait and that presently a negro came and handed him a quart jar of white whiskey in a paper sack; that he did not have any words with the negro but handed him $2.50 when the negro delivered the whiskey to him. Witness said he had seen the negro before at appellant's store. There seems some contention on the part of appellant that the facts are not sufficient to support the conclusion that this was a sale of liquor by him, but we are unable to agree to the correctness of this contention. The witness Hill was examined by each side several times and adhered to the proposition that appellant either told him that he would send him the whiskey by a negro or that a negro would bring it to him.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Conflicts in testimony are to be settled by the jury, and their conclusion as to the credibility of a witness will rarely be disturbed by the appellate court. Human experience teaches that purchasers of liquor are ordinarily reluctant to testify against those who have sold to them. In this case it is apparent that the prosecuting witness did not wish to testify against appellant. It is shown without any controversy, except in the partial explanations or denials made by said

prosecuting witness on cross-examination, that for some reason said witness Hill went to appellant, the proprietor of a country store, to get some whiskey. Appellant told Hill to drive to a point a short distance up the road, and, according to Hill, made the following statement, "He told me then that he would send it up there by a negro * * * and Mr. Newsome told me that the price would be two dollars and a half. * * * I don't remember whether he said he would send it, or whether he would have the negro bring it to me; it was one or the other." The witness drove to the point indicated, waited a short time, and the negro appeared and handed him the whiskey for which he paid the negro $2.50. The fact that a witness on cross-examination yields in some matters and to some extent, does not affect the proposition that his credibility is for the jury. It would appear legally immaterial whether appellant sent the whiskey or whether he had the negro to bring it.

The motion for rehearing will be overruled.

                                                    *Overruled.*

### ON APPLICATION TO FILE SECOND MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We are unable to agree with the appellant in his contention that we were mistaken in holding the evidence sufficient to support the conviction. Therefore, the request to file a second motion for rehearing is overruled.

                                                    *Overruled.*