## WAYNE NORTHINGTON V. THE STATE.

No. 10508. Delivered December 22, 1926.

**1.—Selling Intoxicating Liquor—Statement of Facts—Time for Filing.**

The statement of facts in this case was not filed until two weeks after the expiration of the ninety days in which it should have been filed, and cannot be considered. The trial court now has no power to grant an extension of time for such filing which will take it beyond ninety days from the time that notice of appeal is given.

**2.—Same—Bill of Exception—Incomplete—Presents No Error.**

Where a bill of exception complains of the action of the district attorney in asking a witness Sims "Where is Bay Wilson now," and there are no facts nor explanations set out in said bill, no error is discoverable in such bill.

**3.—Same—Flight of Accused—Admissible as a Circumstance.**

Where appellant on his trial had denied that at the time of his arrest he attempted to escape from the officer, there was no error in permitting the officer to testify that he did attempt to escape. The flight of

one charged with crime may become a material fact in determining guilt and is provable as a circumstance.

Appeal from the District Court of Palo Pinto County. Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction for the sale of intoxicating liquor; penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Palo Pinto County of selling intoxicating liquor; punishment, one year in the penitentiary.

Attention is called by the state's attorney to the fact that the statement of facts herein was filed too late for consideration. The court overruled appellant's motion for new trial on May 3, 1926, on which date notice of appeal was given. The statement of facts was filed in the office of the district clerk of Palo Pinto County August 24, 1926. This was more than two weeks after the expiration of the time allowed by law for such filing. The trial court has no power to grant an extension of time for such filing which will take it beyond ninety days from the date of the entry of the notice of appeal.

The record contains four bills of exception. The first complains of the action of the court in permitting the district attorney to ask witness Sims: "Where is Bay Wilson now?" There are no facts certified to in the bill which make evident to us any error in the asking of the question or in the answer thereto.

The second bill of exceptions complains of the action of the district attorney in asking a witness if it was not a fact that appellant when seen by the witness near Olney, "Was on the dodge up there." The question was not answered, but objection thereto was sustained. There is testimony showing that appellant avoided arrest. We do not believe that the asking of the question was such error as would call for a reversal.

Another bill of exceptions complains because the state was allowed to ask appellant when testifying in his own behalf if it was not true that when the officers came to arrest him that they had to draw a pistol on him in order to stop him; if he did not tell the officer good-bye and start to run off, and that the

state was permitted upon appellant's denial of such facts to show by the officer that same were true. The flight of one charged with crime may become a material fact in determining his guilt, and is provable as a guilty circumstance. One accused of crime who upon his trial denies such flight may be contradicted by subsequent proof of the fact that he did endeavor to escape.

There is a bill of exceptions to the overruling of appellant's motion for new trial, but said motion was not based upon any proposition calling for a hearing upon the facts, and presents no issue for us to decide other than the correctness of the court's action in the actual trial, and said bill of exceptions manifests no error.

Being unable to agree with any of the contentions of appellant, and finding no error in the record, the judgment will be affirmed.

*Affirmed.*