## C. F. RUDOLPH v. THE STATE.

No. 10641.   Delivered January 19, 1927.

Rehearing denied October 19, 1927.

1.— Embezzlement — Statement of Facts — Bills of Exception — Time for Filing.

The statement of facts and bills of exception in this case having been filed for more than ninety days after notice of appeal was given, cannot be considered.   See Art. 760, C. C. P., 1925.

ON REHEARING.

2.—Same—Filing of Statement of Facts—Failure Not Fault of Appellant— Will Be Considered.

On rehearing, appellant has made a satisfactory showing to the court that his failure to file his statement of facts and bills of exception within the time prescribed by law, was not due to any fault or negligence on the part of appellant or his attorney, but was the result of causes beyond their control, same will now be considered.

3.— Same — Indictment — Sufficiency — How Attacked — Practice in Trial Court.

The sufficiency of an indictment should be attacked by a motion to quash, before announcement of ready in the court below, and not by a bill of exception presented after the verdict.

4.—Same—Evidence—Held Sufficient.

While the evidence in this case was conflicting this issue was properly submitted for the determination of the jury, and having resolved it in favor of the state, this court is without authority to disturb the conclusions reached.

Appeal from the District Court of Potter County.   Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for embezzlement, penalty two years in the penitentiary.

The opinion states the case.

*Lee J. Marks* and *Wm. D. Sparks* of Amarillo, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted in the District Court of Potter County for the offense of embezzlement, and his punishment assessed at confinement in the penitentiary for a term of two years.

The notice of appeal was given on the 4th day of June, 1926, and the statement of facts was filed on the 12th day of November, 1926, more than ninety days after the notice of appeal was given. The bills of exceptions herein were filed December 4, 1926, more than ninety days after the notice of appeal was given in this case. We have repeatedly held that a statement of facts and bills of exceptions filed more than ninety days after the notice of appeal is given cannot be considered by this court. In this ruling, we are following the plain terms of the statutes. Sec. 5, Art. 760, 1925 Revision, C. C. P.

In the absence of the statement of facts and bills of exceptions, there is no error manifested by this record, and the judgment is in all things affirmed.                          *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—This case was affirmed on the 19th day of January, 1927, for the reason that the statement of facts and bills of exception were filed more than ninety days after notice of appeal was given. Appellant has filed a motion for rehearing, accompanied by affidavits, in which he asserts that he used due diligence to have the statement of facts prepared and filed within the time provided by statute, and that the failure to prepare and file same within such time was not due to the fault of either appellant or his attorney, but was the result of causes beyond their control. We have concluded to consider the statement of facts and bills of exception.

Appellant was tried and convicted under an indictment charging him with embezzling, fraudulently misapplying and converting to his own use, without the consent of the owner, one thousand dollars in money, belonging to J. A. Duckett, which said money had theretofore come into the possession of the appellant, and was under his care, by virtue of his employment as agent, bailee and employee of the said J. A. Duckett. The state's testi-

mony shows that appellant was the attorney and agent of J. A. Duckett, and that in that capacity he received from one A. J. Beville $1,000 in money belonging to the said J. A. Duckett, and that said money was never paid to the said Duckett, although he made demand upon appellant for it. The state's testimony further shows that appellant placed the money in the bank, to his (appellant's) credit, and that said money was thereafter withdrawn from the bank on checks executed by appellant payable to himself and to various other parties. The testimony of the state's witness Beville shows that the money in question had been delivered to appellant to be paid to J. A. Duckett, and that there were no conditions accompanying the delivery of the money to appellant which would have prevented the immediate payment of the money to the said J. A. Duckett.

It was appellant's theory, as disclosed by his testimony, that A. J. Beville delivered the money to him to be held in escrow pending compliance on the part of the said J. A. Duckett with the terms of a contract between him (J. A. Duckett) and the said A. J. Beville. Appellant testified that he still had the money in his possession, and that J. A. Duckett had never met the conditions which would have authorized appellant to pay over the money to him.

The jury resolved the issues against appellant, and the evidence is amply sufficient to support the verdict and judgment rendered thereon.

By bill of exception No. 1, appellant attacks the sufficiency of the indictment. The record fails to disclose that appellant filed a motion to quash the indictment. It is shown by the bill of exception that appellant objected to the introduction of any testimony on the ground that the indictment was insufficient. An inspection of the first count of the indictment, under which appellant was tried and convicted, discloses that it embodies the statutory elements of embezzlement.

Appellant has brought forward several bills of exception. We have made a careful examination of these bills and find that they manifest no error.

From a careful examination of the record we have reached the conclusion that appellant was accorded a fair and impartial trial, and that the evidence is sufficient to sustain the judgment of conviction.

The motion for a rehearing is overruled.      *Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.