### Z. WHITE v. THE STATE.

No. 11248.  Delivered February 22, 1928.

**Murder—Statement of Facts—Filed Too Late—Cannot Be Considered.**

Where a statement of facts is filed more than 90 days after notice of appeal was given, same cannot be considered.  See Subd. 5 of Art. 760, C. C. P.; Rudolph v. State, 298 S. W. 434; Triggs v. State, 298 S. W. 391, and Bailey v. State, 282 S. W. 804.

Appeal from the District Court of Lamar County.  Tried below before the Hon. George P. Blackburn, Judge.

Appeal from a conviction of murder, penalty five years in the penitentiary.

The opinion states the case.

*Sturgeon & Sturgeon* of Paris, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for five years.

No bills of exception appear in the record.  Notice of appeal was given on the 30th day of April, 1927.  A statement of facts was filed on September 15, 1927.  It is thus seen that the statement of facts was filed more than 90 days after notice of appeal was given.  In such condition, the statement of facts cannot be considered by this court.  Subd. 5 of Art. 760, C. C. P., Rudolph v. State, 298 S. W. 434; Triggs v. State, 289 S. W. 391; Bailey v. State, 282 S. W. 804.

No error being manifested by the record, the judgment is affirmed.

*Affirmed.*

---

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.