HOGG SCOTT v. THE STATE.

No. 11780.   Delivered May 9, 1928.

**Possessing Potable Liquor in Excess of One Per Cent Alcohol—Statement of Facts—Filed Too Late—Delay Inexcusable.**

Where a statement of facts was filed more than ninety days after notice of appeal, and the attorney for appellant seeks to excuse the delay in filing by showing that he sought the District Judge a few days prior to the expiration of the ninety days and found him absent from his district, but makes no reasonable explanation of his failure to file before that time, his showing is insufficient and the statement of facts on motion of the state will be stricken from the record. See Rudolph v. State, 298 S. W. 434, and Art. 760, C. C. P.

Appeal from the District Court of Rains County. Tried below before the Hon. Grover Sellers, Judge.

Appeal from a conviction for the possession, for the purpose of sale, of potable liquor containing in excess of one per cent of alcohol by volume, penalty eighteen months in the penitentiary.

The opinion states the case.

*W. W. Berzett* of Emory, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is the possession, for the purpose of sale, of potable liquors containing in excess of one

per cent of alcohol by volume, the punishment confinement in the penitentiary for eighteen months.

Motion for new trial was overruled December 20, 1927, and notice of appeal given on the same day. Appellant was allowed ninety days within which to prepare and have filed his bills of exception and statement of facts. The statement of facts and bills of exception were filed on March 29, 1928. The transcript contains a motion for leave to file the statement of facts and bills of exception, wherein appellant's attorney alleges, in substance, that on the 16th of March, 1928, he had prepared the statement of facts and bills of exception; that the District Judge was then holding court in Greenville, Texas; that on said date appellant's counsel carried the statement of facts and bills of exception to Greenville for the purpose of being signed and approved by the trial judge; that upon arrival in the city of Greenville he learned that the trial judge was at the time out of the district and would not return until March 19, 1928; that the District Attorney approved and signed the statement of facts on March 16, 1928; that if the trial judge had been in the city of Greenville on the 16th of March appellant's counsel would have presented the statement of facts and bills of exception to him for approval.

The State's Attorney insists that appellant has not excused his failure to file the statement of facts and bills of exception in the time required by law. We think this contention must be sustained. Appellant fails to show what effort he made to prepare the statement of facts and bills of exception and secure the approval thereof prior to the 16th of March. He fails to show the whereabouts of the trial judge on the 16th of March and that he was inaccessible on that date. Hence the motion to strike the statement of facts and bills of exception from the record is well taken.

A statement of facts and bills of exception filed more than ninety days after notice of appeal is given cannot be considered by this court. Rudolph v. State, 298 S. W. 434; Sec. 5, Art. 760, C. C. P.

We may add that the transcript contains only two bills of exception. If they were entitled to consideration a reversal would not result, as reversible error is not manifested.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.