WALTER ROBINSON v. THE STATE.

No. 14009. Delivered March 11, 1931.
Rehearing Denied April 22, 1931.

The opinion states the case.

*Boseman & Cathey,* of Quitman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for selling intoxicating liquor, punishment being one year in the penitentiary. .

The motion for new trial was overruled on the 13th day of June, 1930, at which time notice of appeal was given and ninety days granted in which to file statement of facts and bills of exception.

The time expired on the 11th day of September. The statement of facts and all bills of exception were approved and filed on the 12th day of September, which was one day beyond the period of extension. Under such circumstances neither the statement of facts nor bills of exception may be considered. Subdivision 5, Art. 760, C. C. P. (1925); Newsome v. State, 105 Texas Crim. Rep., 325, 288 S. W., 212; Triggs v. State, 105 Texas Crim. Rep., 578, 289 S. W., 391. Many other cases to the same effect will be found collated in Vernon's Ann. Texas C. C. P., Art. 760, note 36.

It is noted that the judgment condemns appellant to be guilty of "selling liquor," and the sentence is likewise faulty. Selling liquor is no offense unless the liquor be intoxicating. The judgment and sentence will be reformed to adjudge appellant to be guilty of selling intoxicating liquor and as thus reformed the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant accompanies his motion for rehearing by a statement of the district clerk giving his interpretation of a docket entry of the trial judge upon the date the motion for new trial was overruled in the court below. Also a statement from the trial judge in relation to a showing upon the jail docket of the date of the release of the appellant, and upon this showing appellant asks us to consider the bills of exception as having been filed within the time required by law.

The transcript before this court when the original opinion was written, the correctness of which was certified by the district clerk, shows that the criminal minutes of the district court contained the entry of the overruling of appellant's motion for new trial as of the date stated in our original opinion. We further note that the sentence pronounced against appellant, which is recorded in volume 3, page 513, of the criminal minutes of the court, which sentence is never pronounced until after the overruling of the motion for new trial, is of the same date, June 13th. Said transcript further shows that at page 127, volume E, of the criminal minutes of said court, appears an entry of the recognizance for appeal executed by the appellant and his sureties. The date of this recognizance

288

appears June 12th. We are not impressed with the fact that the bills of exception were filed within the time required by the statute. This court accepts as correct the minutes of trial courts, and can not overturn or decline to give credit to same upon such showing as is made here.

The motion for rehearing will be overruled.

*Overruled.*