## L. O. STEED v. THE STATE.

No. 16386. Delivered February 7, 1934.
Reported in 67 S. W. (2d) 1039.

The opinion states the case.

*E. J. Conn,* of Lufkin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale, the punishment being one year in the penitentiary.

The trial term of court adjourned June 17, 1933. The mo-

tion for new trial had been overruled and notice of appeal given on June 2, 1933, at which time the court undertook to extend the time for filing statement of facts and bills of exception to ninety days after adjournment of the term. In article 760, C. C. P., subdivision 5, it is provided that a statement of facts filed within ninety days from the date of notice of appeal shall be considered as having been filed within the time allowed by law. It further provides that for good cause the trial judge may extend the time for filing statement of facts and bills of exception, but specifically says that the time "shall not be so extended as to delay the filing thereof within ninety days from the date the notice of appeal is given." The trial judge was without authority to extend the time beyond ninety days after the date of notice of appeal. Newsome v. State, 105 Texas Crim. Rep., 325, 288 S. W., 212; Northington v. State, 105 Texas Crim. Rep., 552, 289 S. W., 402; Moore v. State, 111 Texas Crim. Rep., 331, 12 S. W. (2d) 805. Many other cases are annotated in note 36 under article 760, C. C. P., Cumulative Pocket Part of Vernon's Annotated Texas C. C. P., vol. 3. The statement of facts and bills of exception in the present record were not filed in the court below until the 9th day of September, which was ninety-nine days after notice of appeal had been given. Hence they cannot be considered.

The judgment is affirmed.

*Affirmed.*