## ALBERTO CHARLES V. THE STATE.

No. 17164. Delivered January 23, 1935.
Rehearing Denied March 13, 1935.

The opinion states the case.

*W. A. Hogan* and *E. H. Talbert,* both of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, confinement for life in the penitentiary.

The record is here without any statement of facts. The four bills of exception found in the record can not be appraised in the absence of the facts. All matters of procedure appear to be regular, and the judgment of the trial court must be affirmed, and it is accordingly so ordered.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—There is now before this court a statement of facts on the main case and also a statement of facts on the question of race prejudice. Neither is properly verified. The statement of facts on the main case bears date July 10, 1934. It was signed by the district attorney on July 16, 1934, and on the same date was signed by two attorneys for the appellant. Below the signature of the attorneys for the appellant a form was drawn containing the requisite language for the approval of the district judge. The signature of the district judge approving the statement of facts now before this court bears date February 16, 1935. The statement of facts on the subject of the alleged race discrimination, so far as the signatures are concerned, is in the same condition as that stated above with reference to the main case.

In the motion for rehearing appellant's counsel urges that the statement of facts be considered. The circumstances with reference to the execution and filing of the statement of facts are as follows: Two copies of the statement of facts were made by the court stenographer, and were signed by the district attorney and by the appellant's counsel. The statement of facts on the main case and the evidence on the motion to abate the case on account of race prejudice, which were also signed by counsel, were forwarded to the district clerk of Zavala County. Neither of the documents purporting to give the facts heard on the trial can be considered for the reason that it was not authenticated by the trial judge within the time prescribed by the statute, article 760, C. C. P., as construed in many decisions, among them Johnson v. State, 104 Texas Crim. Rep., 384; Clark v. State, 105 Tex. Crim. Rep., 490; Northington v. State, 105 Texas Crim. Rep., 552.

In the transcript are certain bills of exception which were filed in the trial court on August 17, 1934, and are therefore entitled to consideration. However, appraisement of them will be impossible in the absence of an authentic statement of facts to which reference may be made.

Bill No. 1 complains of the refusal of the court to void the proceedings in the State court on the ground that there was discrimination against the Mexican race. The qualification of the bill by the trial judge contains the following:

"With the following qualification the court found from the evidence there was no wilful discrimination against jurors of Mexican descent, and the defendant did not exhaust his peremptory (challenges) in the selection of said jury."

Bill No. 2 reflects the complaint of the refusal to grant a motion for a continuance. The matter and substance of the bill are such that in the absence of the statement of facts this court cannot determine whether or not there was error in the ruling of the trial court. The bill simply states that application for a continuance was made because of the absence of Pedro Rosas, who was an eye-witness to the homicide. In the absence of the facts, we are unable to determine whether or not Rosas testified; nor can the matter of his testimony, if given, be ascertained with any legal process without knowledge of the evidence that was before the court.

Bill No. 3 complains of the refusal of the court to instruct the jury that there was no evidence of malice. In the absence of the facts, it is impossible to ascertain whether or not there was error in the court's ruling. The same situation applies to Bill No. 4.

Upon the record before us, the motion for rehearing must be overruled. It is so ordered.

*Overruled.*