## F. M. Anderson *v.* The State.

1. Severance. — When one co-defendant seeks a severance from another in order that the latter, by a prior trial and acquittal, may become competent to testify, it is necessary that the latter be in court, or that he be so situated that his case can be tried with reasonable dispatch. If, for instance, he has forfeited his bail and is at large, the severance should not be awarded.

2. Continuance. — An application for a continuance is not sufficient unless it contains each and every requisite prescribed by the Code, and each and all must be verified by oath.

3. Theft. — In a trial for theft of horses, the defendant claimed that he was but the employee of the taker of the animals. The jury were instructed for acquittal in case they so found the fact to be, unless they further found that the defendant was present when the horses were taken by his employer, and, knowing the latter's unlawful intent, aided or encouraged him in the taking. *Held*, a correct instruction on the amenability of the defendant as a principal offender.

Appeal from the District Court of Erath. Tried below before the Hon. T. L. Nugent.

The case is sufficiently stated in the opinion of the court. A term of seven years in the penitentiary was the punishment assessed and adjudged against the appellant.

*Kennedy & Young*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J.    The indictment in this case was a joint one for theft of horses, against F. M. Anderson, John Mahan and Tip Mann.    Anderson and Mahan applied for a severance from their co-defendant Mann, upon the ground that there was no evidence against him and that his testimony was material to their defence, and asking that he should be first tried.    Code Cr. Proc., art. 669.    This motion for severance was refused by the court because the co-defendant Mann was not at the time under arrest or held to answer to the indictment, he having forfeited his appearance-bond.    The action of the court was correct. Where joint defendants invoke the right of severance under the statute, all those to be affected must be within the jurisdiction and control, and not in contempt of the authority of the court.

A party whose evidence is the object of the severance must be present, or in such situation that his case can be first tried with reasonable dispatch.    If parties could be allowed to assert such rights as are insisted on in this instance, it would only be necessary, where several were indicted and all arrested but one, for the one not so arrested to evade the process of the law, — assisted in doing so, perhaps, by those who were arrested, — in order to enable the latter indefinitely to postpone their trial, and ultimately, in all likelihood, defeat entirely, under the pretended sanction of law, the very ends of justice.    Such can never have been the intention of our law-makers in framing the wise and humane provisions of the statute.    In cases where a similar right has been claimed, and the party whose evidence was desired was put upon his trial and convicted, it has invariably been held "that the law never contemplated that the trial of the one who procured the severance should be de-

layed until the legality of the conviction of the other might be determined on appeal." *Slawson* v. *The State*, 7 Texas Ct. App. 63; *Myers* v. *The State*, 7 Texas Ct. App. 640. In principle, there is no difference in the propositions.

The application for continuance was properly overruled. It failed to negative the fourth, fifth, and sixth subdivisions of art. 540, Code Criminal Procedure, prescribing the essential requisites to a first application by a defendant. True, we find these requisites following the affidavit, but they are not sworn to, and cannot, therefore, be considered as part of the application. There is not a single one of the six requisites that is not essential to the sufficiency of the application, and each and all must be stated under oath.

Defendant's theory was that he was a hired hand in the employment of his co-defendant Mann. Upon this phase of the case the court instructed the jury that, "if the animals alleged to have been stolen were in fact taken by some person other than defendant, and if you believe from the evidence that defendant was the hired hand or employee of such other person at the time of such taking, then, before the defendant can be convicted, it must appear from the evidence that the defendant was present at the time, and knew the unlawful intent of such other person, and, being so present, and knowing the unlawful intent of such other person, aided or encouraged him under circumstances constituting him a principal offender as before defined." This instruction presented the law fully and correctly. *Taylor* v. *The State*, 5 Texas Ct. App. 529; *Ivey* v. *The State*, 43 Texas, 425.

The verdict and judgment are not only certain to all necessary intents and purposes, but the verdict, which is complained of, follows the directions of the statute. Code Cr. Proc., art. 712.

Nor is there any lack of evidence to sustain the judgment. Defendant not only stated that he was a partner of Tip Mann's in the herd of horses he was found driving, but

actually claimed to be the individual owner of the two animals charged to have been stolen.  He asserted that the mare was his, and that somebody had been "trying to conscript the colt."  To our minds, the evidence fully warranted the jury in coming to the conclusion that this was a clear case of horse-stealing, and amply sustains the court in rendering judgment in accordance with their findings. The judgment is affirmed.

*Affirmed.*