GENARO ABRIGO V. THE STATE.

*No. 3458.    Decided October 18.*

1.   **Pleading—Indictment.**—It is now a settled rule of criminal practice that the date of the alleged offense as stated in the indictment is not binding upon the State, and is only material with reference to the bar of limitations, and to show that the offense was committed anterior to the presentment of the indictment.

2.   **Practice.**—Continuance is not awardable as a matter of right, but the truth, merit, and sufficiency of an application therefor are matters addressed to the sound discretion of the trial court; and the action of that court thereon will be considered by this court only when, having reconsidered it on motion for new trial, in the light of the proof adduced on the trial, the lower court has refused the new trial.    The absent testimony in this case was relied upon to establish an *alibi* for the defendant on the day of the offense

as alleged in the indictment. The indictment charged that the offense was committed on November 30, 1889. The proof shows that it was committed on either the 18th or 20th of November, 1889, dates anterior to the filing of the indictment and within the period of limitation. Under these circumstances the absent testimony, if true, would be immaterial as not affecting the real date of the offense. The continuance was properly refused.

3. Same—Service of Indictment.—It is only when an accused is in custody on a charge of felony, or as soon as he may be arrested, that he is entitled to service of a copy of the indictment. The code provides, however, "that when a defendant in a case of felony is on bail at the time the indictment is presented, it is not necessary to serve him with a copy; but the clerk shall deliver a copy of the same to the defendant or his counsel, when requested, at the earliest possible time." Code Crim. Proc., art. 506. In this case the defendant was under an appearance bond when the indictment was presented. Upon his arraignment for trial defendant objected that he had not had two days service of a copy of the indictment against him. Thereupon the trial court caused a copy of the indictment to be made out and delivered to the defendant. *Held*, correct.

4. Jury Law—Qualification of Petit Jurors.—Six jurors answered on their *voir dire* that they were of foreign birth, had declared their intentions of becoming citizens of the United States, but had never taken out their final naturalization papers. For cause, the defendant challenged the said six jurors upon the ground that, being aliens and not citizens, they were disqualified to serve as jurors. The challenges being overruled, and the defendant having exhausted his peremptory challenges, the jurors were impaneled and over defendant's objection served on the trial. Article 3010 of the Revised Statutes, enacted pursuant to constitutional requirement, declares that a person to be a qualified juror must be a citizen of the State and of the county in which he is to serve, and must be qualified under the Constitution and laws to vote in said county. Article 631 of the Code of Criminal Procedure provides that a person to be a qualified juror must also be a qualified voter in the State and county. Section 1 of article 6 of our State Constitution, and article 1688 of the Revised Statutes, enumerate the classes of persons who are not allowed to vote; and section 2 of the same article declares who are entitled to vote, as follows: * * * "And every male person of foreign birth, subject to none of the foregoing disqualifications (as set out in section 1), who at any time before an election shall have declared his intention to become a citizen of the United States, in accordance with the Federal naturalization laws, and shall have resided in this State one year next preceding such election, and the last six months in the county in which he offers to vote, shall also be deemed a qualified elector." Approving the definition of "citizen" to be "a person, native or naturalized, who has the privilege of voting for public officers, and who is qualified to fill an elective office," and the legal doctrine that though an elector "may be a foreigner not yet naturalized, but intending to be, the simple fact of alienage will not disqualify him as a juror," the court holds that if the intention to become a citizen has been declared in due form, and the other conditions of age, residence within the State and voting district for the proper length of time are found to exist, the individual thereby becomes both a qualified elector and a citizen qualified for jury service. The trial court in this case correctly held the six jurors qualified.

5. Evidence—Bill of Sale.—Over the defendant's objection the State was permitted to read in evidence a bill of sale conveying the stolen animal to one J. The bill of sale was not attested by witnesses, but J. testified that defendant wrote and signed it in his presence and then delivered it to him. *Held*, that the execution of the instrument was sufficiently proved, and it was properly admitted in evidence.

6. Same—Charge of the Court.—Venue is an issue to which the doctrine of reasonable doubt does not apply, and which like any other issue on a trial may be proved by circumstantial evidence. See the statement of the case for evidence *held* sufficient to support the allegation of venue; and note the same for a charge of the court upon the

question of venue *held* correct as being a substantial announcement of statutory rules provided for offenses committed in one or more counties.

APPEAL from the District Court of Starr. Tried below before Hon. J. C. Russell.

The conviction was for the theft of a mule, the property of B. Longorio, in Starr County, Texas. The penalty assessed was a term of five years in the penitentiary.

The rulings on this appeal call for no statement of the evidence except that bearing upon the question of venue. Upon that point, Longorio, the owner of the animal, testified that the mule in question, with two others, was stolen from him about the 18th or 19th of November, 1889.

The two others came home in February, 1890. The other (the one in question) he recovered in April, 1890, from a man who lived near Collins, in Nueces County. This witness says: "My said mules ranged in this county and the adjoining county of Hidalgo. Their accustomed range is in both counties. The mule was taken from its accustomed range." On cross-examination he reiterated: "My said mules in question range in both counties, Hidalgo and Starr, when on their accustomed range. I sometimes find them in Hidalgo County and sometimes in Starr County when I look for them. I do not know whether the mules in question were stolen from Hidalgo or Starr County. All the mules were missing together. * * * In dry times my stock ranged immediately around my ranch in Starr County; but when there is plenty of water on the prairies they sometimes range even below defendant's home in Hidalgo County."

The charge of the court referred to in the last head note reads as follows: "If you believe from the evidence that the animal was taken by defendant within four hundred yards of the county line of Starr County, if it was taken by him, or the same was taken through any part of said Starr County, then said indictment properly alleges the taking to have been in Starr County. And if you believe from a preponderance of evidence that said animal was taken in this county of Starr as charged, you will so find, and find defendant guilty, if you believe beyond a reasonable doubt under the facts in this case that he is guilty as charged in the indictment."

*McCampbells & Welch* and *Wells, Stayton & Kleberg,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.— 1. Defendant was indicted on the 18th day of June, 1890. He was arrested the next day (the 19th), and placed in jail. He immediately sued out attachments for his witnesses, all of whom resided in counties other than that of the prosecution. Said at-

tachments were duly forwarded by mail, but none of them had been returned on the day when the case was called for trial, to-wit, the 23d day of June, 1890. He made an application for a continuance based upon the absence of these witnesses. Their proposed testimony was for the purpose of establishing an *alibi* for the defendant. That is, it was stated that they would testify that on the day (November 30, 1889) fixed and alleged in the indictment as the date of the theft of the property, he was at such a distance from the place of the theft as would render it impossible that he could have committed the same. His application for continuance was overruled, and he saved his bill of exception to the ruling; was put upon his trial; had no witnesses; introduced no testimony, and was convicted on the testimony adduced by the State.

"The truth" of an application for a continuance, "as well as the merit of the ground set forth therein and its sufficiency, shall be addressed to the sound discretion of the court called to pass upon the same, and shall not be granted as a matter of right." Code Crim. Proc., art. 560. When the court below has refused it in the first instance, and failed to grant a new trial in the second, when the application should again be passed upon and the materiality and truth of the facts stated are to be tested and considered in the light of the evidence which was produced at the trial, our duty is to determine whether the last ruling was correct. Now in this case the purpose of the absent testimony was to show an *alibi* as to the date mentioned in the indictment, to-wit, November 30, 1889. The State's evidence shows that the animal in controversy was stolen about the 18th or 20th of November, 1889, and was sold, as the State claims, by the defendant, who executed a bill of sale to the same in an adjoining county, under an assumed name, on the 27th day of November, 1889. It was therefore made to appear that the date alleged in the indictment was not the real or exact date of the transaction complained of. The date of the alleged offense in an indictment is not binding upon the State, and is only material with reference to the bar of limitation, and to show that the offense was committed anterior to its presentment. Cudd v. The State, 28 Texas Ct. App., 124; Arcia v. The State, Id., 198; Code Crim. Proc., art. 420, subdiv. 6.

All then that defendant claimed his absent witnesses would testify might be true, and yet it would be immaterial, because it in no manner tended to disprove the State's case to the effect that he stole the animal on or about the 18th or 20th of November, 1889, and not on the 30th day of November, 1889, as alleged in the indictment. The proposed testimony of the absent witnesses might be true and yet not in conflict with the State's evidence going to establish his guilt. Fernandez v. The State, 4 Texas Ct. App., 419; Browning v. The State, 26 Texas Ct. App., 432, and authorities cited. No error is made to appear in the ruling of the court on the application for continuance.

2. It is claimed for error that the defendant was not served two days with a copy of the indictment before he was put upon his trial, and we are cited on this proposition to articles 504 and 505 of the Code of Criminal Procedure, and to Woodall v. The State, 25 Texas Court of Appeals, 617. It is only where an accused *is in custody* on a charge of felony, or as soon as he may be arrested, that he is entitled to service of a copy of the indictment. Id. "When the defendant in case of felony is on bail at the time the indictment is presented, it is not necessary to serve him with a copy; but the clerk shall deliver a copy of the same to the defendant or his counsel, when requested, at the earliest possible time." Code Crim. Proc., art. 506. Defendant's bill of exceptions states that he was under an appearance bond at the time the indictment was presented. When defendant objected that he had not been served with a copy the court ordered a copy of the indictment made out and given to him, which was immediately done. This action of the court was in conformity with article 506, *supra*. Defendant being upon bail was only entitled to a copy of the indictment when he or his counsel requested it, and it having been furnished him at the earliest moment after he requested it, he has no ground of complaint. Barrett v. The State, 9 Texas Ct. App., 33.

3. It appears from defendant's third bill of exceptions that upon and during the impaneling of the jury to try this cause each of the following six jurors belonging to the regular panel, to-wit, Felipe Garcia, Pedro Morales, Martin Alanis, Fred. Ellert, Christobal Garza, and E. Block, upon their examination and *voir dire* as to their qualifications as such jurors to try said cause, stated that they and each of them were of foreign birth, and had only declared their intentions of becoming citizens of the United States; and that they nor either of them had taken out their final papers making themselves such citizens, or done any act to become such citizens under the naturalization laws of the United States save and except said declarations of intention to become such citizens of the United States. Whereupon defendant for cause challenged each and every one of said named jurors, because they nor either of them were competent jurors under the Constitution and laws of this State for the following reasons:

(1) That the said jurors nor either of them were citizens of the United States or of the State of Texas.

(2) That the said jurors and each of them were and are aliens and subjects of foreign governments, and not at all citizens of the United States or of this State. But the court overruled and denied each of the said challenges for cause, and retained each of said jurors upon said panel to try said cause. Defendant thereupon exhausted his peremptory challenges to said panel, and was thereupon forced to accept the said six disqualified men as jurors to try his cause, the said six jurors and others composing the jury that tried and determined this cause—to all of which

ruling and action of the court defendant then and there excepted because of the reasons before stated; and further, because:

(1) The defendant was thereby forced to accept and be tried by men to whom he objected, and whom he challenged for cause.

(2) The defendant was thereby deprived of a trial by due course of the law, and of such a trial by jury as he was entitled to under the Constitution and laws of this State.

(3) The defendant was thereby deprived of the benefit of the due process of law guaranteed to him by the Constitution of the United States, and thereby deprived of his liberty in plain violation of the provisions of said Constitution.

(4) The defendant was greatly prejudiced thereby, and deprived of a fair and impartial trial.

Our Constitution provides that "the Legislature shall prescribe by law the qualification of grand and petit jurors." Const., art. 16, sec. 19. By article 3010, passed pursuant to this provision of the Constitution, it is provided that "No person shall be qualified to serve as a juror who does not possess the following qualifications: 1. He must be a citizen of the State and of the county in which he is to serve, and qualified under the Constitution and laws to vote in said county," etc. Rev. Stats., art. 3010.

In providing the mode for testing the qualifications of jurors, the Code of Criminal Procedure, article 631, requires the following question to be asked and answered affirmatively, viz.: "1. Are you a qualified voter in this county and State under the Constitution and laws of this State?"

It will be observed that this article does not require the juror to state that he is *a citizen* of the State, but only a qualified voter in the State and county, whilst the one quoted from the Revised Civil Statutes, *supra*, it is insisted, would seem to prescribe that he must be *both a citizen and a voter*, as though the qualification of the right to vote would not make him a citizen, and that citizen and voter are not convertible terms.

Section 1 of article 6 of our Constitution enumerates the various classes of persons who are not allowed to vote, and section 2 of the same article declares who are entitled to vote, as follows: "Every male person subject to none of the foregoing disqualifications (set out in section 1), who shall have attained the age of twenty-one years, and who shall be a citizen of the United States, and who shall have resided in this State one year next preceding an election, and the last six months within the district or county in which he offers to vote, shall be deemed a qualified elector; and every male person of foreign birth, subject to none of the foregoing (section 1) disqualifications, who, at any time before an election, shall have declared his intention to become a citizen of the United States in accordance with the Federal naturalization laws, and shall have resided in this State one year next preceding such election and the last six months in the county in which he offers to vote, shall also be deemed a qualified

elector," etc.   This provision is re-enacted in article 1688 of the Revised Statutes.

It is not denied that the jurors objected to in this case were qualified electors in the State and county under these constitutional and statutory provisions.   But the contention is that they were *not citizens* but aliens, and not being citizens as contradistinguished from voters they were disqualified from sitting upon the jury because they were aliens.

"Alienage is generally a ground for excluding a juror (whatever the citizenship of the parties).   But where an elector may be a foreigner not yet naturalized, but intending to be, the simple fact of alienage does not disqualify a juror."   12 Am. and Eng. Enc. of Law, p. 324.

"Citizenship is the state of being vested with the rights and privileges of a citizen.   A citizen is a person, native or naturalized, who has the privilege of voting for public officers, and who is qualified to fill offices in the gift of the people.   One who, under the Constitution and laws of the United States, has a right to vote for representatives in Congress and other public officers, and who is qualified to fill offices in the gift of the people." 3 Am. and Eng. Enc. of Law, p. 242; 1 Bouv. Law Dic.

Under our statutes and the authorities cited we are of opinion that if the intention to become a citizen has been declared in due form, and the other conditions of age, residence within the State and voting district for the proper length of time are found to exist, the individual thereby becomes not only a qualified elector, but he is a citizen also who, in contemplation of law, is also qualified as a juror.   We do not believe that the court erred in so holding the six jurors complained of as qualified jurors to try the case.

4.   It was not error to permit the State to introduce in evidence the instrument purporting to be a bill of sale, which the defendant wrote himself and gave to Jiminez as a bill of sale when the latter purchased the mule of him.   The bill of sale was not attested by witnesses, and Jiminez testified that he saw defendant write it, and that defendant gave the same to him after he had written and signed it.   The execution of the instrument was thus sufficiently proved.   "Where attesting witnesses are not necessary to the validity of the instrument it may be prima facie proved by the admissions of the party, provided such admissions are clear and specific as to the writing.   *   *   *   And such admission may be proved inferentially as well as directly."   1 Whart. on Ev., 2 ed., sec. 725.   Defendant in the presence of the witness wrote the instrument as a bill of sale, signed it as a bill of sale, said it was a bill of sale, and gave it to Jiminez, the witness, as a bill of sale.   The instrument was properly admitted in evidence on this proof.

5.   As to the venue of the offense, the charge of the court which is complained of is substantially but an announcement of statutory rules

provided for offenses committed in one or more counties. Code Crim. Proc., arts. 209, 216.

As to proof of venue the rule is that "it is not essential that the venue of the offense be established by positive testimony, but only that from the facts in evidence the jury may reasonably conclude that the offense was committed in the county alleged. The doctrine of reasonable doubt does not apply to the issue of venue. Circumstantial evidence is as competent to establish the venue as it is to establish any other issue in the case." Cox v. The State, 28 Texas Ct. App., 92; Willson's Crim. Stats., sec. 1719.

The prosecuting witness, Longorio, stated that in dry times his stock ranged immediately around his ranch in Starr County, but when there was plenty of water they sometimes ranged below defendant's home in Hidalgo County. The animals were getting water at Longorio's ranch when the animal in question was missed from the herd. Their coming up to water at the ranch first caused him to notice that it was missing.

We have found no reversible error in the record before us, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.