## J. E. BARTON v. THE STATE.

No. 12762.    Delivered November 13, 1929.
Rehearing denied January 22, 1930.
Reported in 23 S. W. (2d) 377.

The opinion states the case.

*Irwin T. Ward* and *B. Jay Jackson,* both of Cleburne, for appellant.

*Penn J. Jackson,* County Attorney, of Cleburne, and *A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is theft; punishment, confinement in the penitentiary for a period of five years.

The alleged stolen property was an automobile. From the State's testimony it is made to appear that the appellant, preliminary to taking possession of the car, went to a dealer and bought keys to a Ford car; that he was seen taking the car; that it was afterwards found in his possession and under his control in Fort Worth, some thirty miles distant from Cleburne where the alleged theft took place.

Appellant interposed the defense of insanity and introduced witnesses, both expert and non-expert; also judgments in two previous trials for insanity, one under a commission of doctors in 1917 and another in 1925. Apparently he had been discharged from the asylum. The State controverted the issue and introduced both expert and non-expert witnesses; also proof that in 1928, about the time the alleged offense took place, there was a trial for insanity in which the jury found the appellant sane.

Appellant made an application for a continuance for the testimony of the witness Ludecke, by whom it was expected to prove that in taking the car the appellant acted upon the representations made to him to the effect that Ludecke had permission to use the car

and that he and Ludecke went together in the car to Fort Worth, the appellant believing that it was with the owner's consent. It was alleged that Ludecke was a resident of Bastrop county. Appended to the motion for new trial is the affidavit of Ludecke to the effect that on the day of the alleged commission of the offense the witness had arranged with a negro (the owner of the car), to use it on a trip to Fort Worth in company with the appellant; that pursuant to his agreement with the negro, the witness went to the place where the negro worked and found that he had gone into the shop; that appellant was told by the witness that the car was borrowed and directed to go to a Ford station and get a key; that later in the day the appellant got possession of the car and the two went together to Fort Worth. The alleged offense was committed on the 14th of September, 1928. The indictment was returned on the 12th of October of the same year. The trial took place on the 11th day of February, 1929. Application for a subpoena for Ludecke was first made on February 1, 1929. It was sent to Bastrop county on the 2nd of February and returned not executed about the 6th of February, the witness not having been found. No additional process was issued. The court based the ruling upon a lack of diligence to secure the attendance of the witness. It is to be noted that in the affidavit of the witness there is no statement as to his whereabouts at the time the process was issued, nor as to his place of residence except that he says that at the time the offense was committed he was in Cleburne, Johnson county. In overruling the application for a continuance and in refusing to grant the motion for new trial we think the court was acting within the discretion with which he was vested by law. See Michie's Digest of Texas Reports (Criminal Cases) Vol. 1, p. 105; Hornsby v. State, 91 Tex. Cr. R. 174, and the precedents there cited.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant presents and argues the supposed error of the refusal of a continuance to secure the presence of the witness Ludecke, as his ground for this motion. Appellant's attorney insists that we should consider the question of appellant's insanity as an excuse for the failure to exercise that degree of diligence ordinarily required to be shown in an application for continuance. We do not deem it necessary to pass upon the question of

insanity as such excuse in view of the fact that the subpoena for the absent witness was returned in court and filed a number of days prior to the calling of the case for trial. It thus becomes evident that the witness had been applied for, which would leave the inference that appellant's attorney had been informed that his testimony was material and desired. With such information in his possession, there would seem no reason why the attorney should not have applied for alias process after the return of the subpoena not executed, there still being a number of days intervening after such return, before the date set for trial. We regret our inability to agree to the correctness of the point urged.

The motion for rehearing will be overruled.

*Overruled.*