Earl O'Mary v. The State.

No. 13635.   Delivered November 5, 1930.
Reported in 32 S. W. (2d) 473.

The opinion states the case.

*J. A. Carlisle* of Sherman, for appellant.

*Penn. J. Jackson,* Co. Atty. of Cleburne and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.—The offense is theft of chickens; the punishment, confinement in the penitentiary for one year.

G. T. Graham lost fifteen chickens on the night of July 5, 1929. Shortly after the chickens were taken, appellant and a companion were seen on a highway leading to Fort Worth.  They stopped near a bridge and threw some dead chickens from their automobile. They also permitted several live chickens to escape.  These chickens were immediately recovered by some parties and delivered to the sheriff of Ellis County.  The injured party identified them by means of various marks and leg bands.

Appellant's application for a continuance was based on the absence of two witnesses.  It is unnecessary to discuss the materiality of the absent testimony inasmuch as sufficient diligence is not shown.  Appellant was indicted on the 18th of October, 1929, and arrested within two days after indictment returned.  The trial was had on February 20, 1930.  Three days before the trial appellant made application for subpoena for the witnesses.  No excuse for

the delay is shown. The subpoenas were issued, but the sheriff was unable to find the witnesses and returned the process unserved. The court based his ruling upon a lack of diligence to secure the attendance of the witnesses. In overruling the application and in refusing to grant the motion for a new trial, we think the court was acting within the discretion with which he was vested by law. Barton v. State, 23 S. W. (2d) 377.

It is observed that the application for continuance does not state the place of residence of the absent witnesses, or that their place of residence was unknown. The statute requires that the name of the witness and his residence, if known, or the fact that his residence is not known, be stated. Art. 543, C. C. P. The failure to comply with this provision of the statute renders the application fatally defective. Thomas v. State, 17 Tex. Ct. App. 437; Vanwey v. State, 41 Tex. 639; Wolf v. State, 4 Tex. Ct. App. 232; Davis v. State, 69 Tex. Cr. R. 86, 154 S. W. 226; Anderson v. State, 8 Tex. Ct. App. 542.

It is not stated in the application for a continuance that the witnesses were not absent by the procurement or consent of appellant. The failure to make this averment rendered the application fatally defective. White v. State, 9 Tex. Apps. 41; Pace v. State, 153 S. W. 132.

Appellant made a motion on the day of trial to be served with a copy of the indictment. In his motion he requested that he be given two full days after service of copy to prepare for trial. It is shown in the bill of exception that appellant was at liberty on bond from the time the indictment was returned until after he was convicted. Appellant's request to be served with a certified copy of the indictment was immediately complied with, but the court declined to postpone the case for two days. Where the accused is under bond, he is entitled to a copy of the indictment if he makes request for the same, but he is not entitled to have granted him two full days after receiving same before he can be forced to trial. Art. 489, C. C. P.; Abrigo v. State, 29 Tex. Apps. 143, 15 S. W. 408; Hahn v. State, 276 S. W. 287.

Failing to find error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.