# MARCH 18, 1936

## C. R. BARRETT v. THE STATE.

No. 18053.   Delivered March 18, 1936.

The opinion states the case.

*W. W. Ballard,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for burglary of a railroad car, punishment assessed being two years in the penitentiary.

The burglary occurred at Whitesboro in Grayson County, Texas. The car burglarized contained a shipment of eleven cases of shoes consigned to Anderson and Hodges. Eight cases of shoes were taken by the thieves. On the next day after the burglary a witness who lived near Mineral Wells noticed an automobile being maneuvered in a way that aroused his suspicion. He got the number of the automobile and reported the incident to the officers. They went with the witness to the place where he had seen the automobile stop and one of the occupants go into the timber; at that point seven cases of shoes were found which were identified as part of the shipment heretofore mentioned. Tracing the car by number it was found to belong to appellant's mother. In this car at the time of appellant's arrest were found some shoes also identified as part of the shipment to Anderson and Hodges. It also developed that appellant had sent a pair of shoes to his wife. These were found and identified as part of this same shipment. The State's evidence further indicated that appellant, his brother

and his step-father were absent from Mineral Wells at the time of the burglary, and that it was only about a three hours' drive from Mineral Wells to Whitesboro. They left Mineral Wells in the automobile in which part of the stolen property was found. The evidence amply supports the verdict.

Appellant brings forward only one bill of exception, which complains of the ruling of the court overruling the application for continuance based upon the absence of his mother by whom he claims he could have proven that he was with her at Mineral Wells during the time the burglary was committed. The motion for new trial was overruled on the 24th day of June and notice of appeal given. At that time appellant was allowed sixty days in which to file his bills of exception. Later, and within the period of the first extension, an order was made by the court allowing ten days additional. This time expired on September 2d. The bill of exception in question was not filed until September 3d, one day too late for consideration. The term of court at which conviction occurred was more than an eight weeks term, and the extension orders ran from the date of notice of appeal. See Subdivision 5, Art. 760, C. C. P. (1925). Johnson v. State, 104 Texas Crim. Rep., 384, 283 S. W., 807; Newsome v. State, 105 Texas Crim. Rep., 325, 288 S. W., 212. If the bill of exception had been filed within the time required by law the same would have presented no ground for reversal. The application for continuance fails to make known the residence of the witness, which is one of the requisites under Art. 543, C. C. P. (1925). Furthermore, it is defective in that it fails to state what became of the process which is claimed to have been directed to the sheriff of Potter County, Texas. Under many authorities this court has held this showing to be indispensable. Winfrey v. State, 124 Texas Crim. Rep., 670, 65 S. W. (2d) 297, and authorities therein cited.

Finding no reversible error in the record the judgment is affirmed

*Affirmed.*