JAMES A. DOYLE V. STATE.

No. 26,761. January 20, 1954.

*Clay Coggins*, Roby, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is burglary; the punishment, two years.

It was shown that the appellant had been residing in the city of Aspermont for sometime prior to the burglary in question.

Mr. Peacock testified that he closed and locked his grocery store in the city of Aspermont on the night of December 15; that when he arrived the next morning two windows had been broken, the store had been ransacked, two bottles of whiskey had been taken from his filing cabinet, thirteen silver dollars and some small change were missing; and that it was obvious that someone had been eating at his meat counter because some of the cold meat and cheese were not in their accustomed places.

Sheriff Frazier testified that at 3:00 A. M. on December 16 he had an occasion to arrest appellant for being intoxicated in a public place in the city of Aspermont and that when he searched him he found thirteen silver dollars, some small change, and a few bills. The sheriff further testified that later in the morning of the same day he was called to the Peacock grocery to investigate a burglary and found, among other things, on the meat counter a large piece of cheese bearing pronounced teeth marks.

Sheriff Frazier testified that during the course of the morning he and Ranger Paulk interrogated the appellant, who was still in jail, that they asked the appellant to bite into a piece of cheese which they offered him, and that he voluntarily did so.

The two pieces of cheese were taken to the Texas Department of Public Safety at Austin, and Firearms Examiner Taylor testified that he had photographed both and had made plaster of paris impressions of each and gave his opinion from caliper measurements that both pieces of cheese had been bitten by the same set of teeth.

Dr. Kemp, a dentist of Haskell, testified that he had examined the plaster casts and the photographs and gave his opinion that all were made by the same set of teeth.

We find the evidence sufficient to support the conviction.

Appellant's able attorney raises only one question in his brief. His contention is that when the appellant bit into the cheese at the request of the sheriff that he made a confession as is contemplated by Article 727, C. C. P. and the statutory warning had not been given him. With this contention we cannot agree.

In Brown v. State, 156 Tex. Cr. Rep. 144, 240 S. W. 2d 310, we held that Article 727 applied to verbal statements made by an accused under arrest and had no application to the taking of a specimen of his blood.

In Henson v. State, No. 26,609, (page 647, this volume), 266 S. W. (2d) 864, we held that the making of a paraffin test on the hands of the accused while he was under arrest did not violate his constitutional rights against self-incrimination.

In fact, we fail to perceive any material distinction between the case at bar and the footprint and fingerprint cases so long recognized by this court.

Finding no reversible error, the judgment of the trial court is affirmed.