BARNEY CECIL MONETT V. STATE.

No. 30,597. April 8, 1959
Motion for Rehearing Overruled May 13, 1959.

*Matthews, Aultman & Riley,* by *Randall C. Riley,* Fort Worth, for appellant.

*Doug Crouch,* Criminal District Attorney, *John A. Brady,* Assistant District Attorney, Fort Worth, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, six months in jail and a fine of $100.00.

T. O. Brown testified that he was driving on his right hand side of a four lane highway when he went around a curve, over a hill, and saw another automobile meeting him, traveling in its wrong lane; that he turned sharply and avoided a collision but that another automobile which was following him did collide with the automobile in question, which had only one occupant, the driver. Brown stated that he went immediately to the automobile in question and saw the appellant lying half in and half out and that he went to the other automobile, found it occupied by a man, a woman and a child, and that all parties appeared to be injured.

H. F. Hefley testified that he was the driver of the other automobile, that the collision with appellant's automobile occurred as Mr. Brown had stated, and that when he arrived at the hospital he heard the appellant tell the officer who was there that he had been drinking.

Officer Butler of the Highway Patrol testified that he went to the hospital soon after having been called to the scene of the collision and there saw the appellant, who smelled strongly of alcohol, secured his consent to take a blood test, asked him if he was the driver of one of the automobiles involved in the collision, and when he received an affirmative reply asked him if he had been drinking, and the appellant replied, "Hell yes, I've been drinking all day." Butler expressed the opinion that the appellant was intoxicated, as did Dr. Boluch who took the blood sample which, upon analysis, showed to contain .21% of alcohol, which the witness stated was indicative of intoxication.

The appellant did not testify but called certain witnesses connected with the prosecution in an effort to establish a stipulation as to the testimony of an absent witness.

Appellant has presented twenty bills of exception. We shall discuss those which present the most serious questions.

Bill of Exception No. 2 complains, in part, of the following argument:

"Why do I say this? Because it is evident beyond any con-

troversion that that defendant, sitting there sullenly through-out the trial, chose to propel a vehicle down a highway where innocent people were traveling when he was drunk."

The objection to such argument was that it was improper and prejudicial. When that objection was overruled the appellant moved for a mistrial in the following words:

"Now, I don't know whether it is in the record or not, but our exception is where he says without controversion, so you know what the exception is. May it be considered that the motion is filed?"

Appellant now contends that this constituted an allusion to the defendant's failure to testify. Such is not a direct reference since only one of the definitions of "sullen" is "ill-humoredly unsociable; hence gloomily silent," and, since the objection was not made that this constituted a comment on the defendant's failure to testify, we find no error in the bill.

Bill of Exception No. 4 relates to that portion of the argument in which the prosecutor said, "It is not through any diligence on the part of this drunken maniac that his wife and child are alive today." It is not every argument which is in bad taste that calls for a reversal of the conviction. In Threadgill v. State, 156 Texas Cr. Rep. 157, 239 S.W. 2d 813, we called attention to the many arguments which this court has held were not reversible error. In Daniels v. State, 167 Texas Cr. Rep. 219, 319 S.W. 2d 321, in a driving while intoxicated case, we held that the use of the word "maniac" in referring to the appellant did not call for a reversal.

Another group of bills relates to the failure of the officer to give the statutory warning before securing the consent to take the blood test. Appellant overlooks the holdings of this court that the confession statute, Article 727, V.A.C.C.P., has no application to the obtaining of consent to the taking of a blood specimen for analysis. Brown v. State, 156 Texas Cr. Rep. 114, 240 S.W. 2d 310; Heath v. State, 156 Texas Cr. Rep. 563, 244 S.W. 2d 815; and Owens v. State, 164 Texas Cr. Rep. 613, 301 S.W. 2d 653.

Still another group of bills relates to the admissibility of the statement of the appellant to the officer at the hospital about his having been drinking. It is appellant's contention that, since Officer Brown told Dr. Boluch he wanted to be notified before

the appellant was released from the hospital, the appellant was technically under arrest from that moment forward, and that nothing he said would be admissible. The officer testified that he did not arrest the appellant until several days thereafter. The appellant did not testify. There is an entire absence of any showing in this record that the appellant knew of this conversation between Brown and the doctor or that he considered himself under arrest at the time he was talking to Brown. We cannot from the above presume that the appellant considered himself to be under arrest. Parker v. State, 163 Texas Cr. Rep. 479, 294 S.W. 2d 120, and Phillips v. State, 152 Texas Cr. Rep. 612, 216 S.W. 2d 213.

Another bill relates to the failure to grant a continuance on account of the illness and consequent absence of appellant's witness Mrs. Hugh Eagle. The motion for continuance alleged that the appellant had just learned of Mrs. Eagle's address the day before the trial and found her to be too ill to come to court. No doctor's certificate was attached to the motion, nor was the address of the witness shown, even though the appellant alleged that he had visited her on the day before. Attached to the motion for new trial is an affidavit of a Mrs. Eagle, who gives her telephone number, but not her address, and who states that she was ill on the day of the trial, but such affidavit is not supported by a certificate of any physician. In fact, the record reveals that on the day the motion for continuance was presented to the court one of the prosecutors who participated in the trial inquired of defense counsel as to the address of the witness and that counsel refused to give the same, even though, as stated before, the appellant in his motion had sworn that he visited the witness on the day preceding.

An application for continuance is defective if it fails to give the address of the absent witness or states that his address is unknown. Barrett v. State, 130 Texas Cr. Rep. 56, 92 S.W. 2d 446; Article 543, V.A.C.C.P.; and O'Mary v. State, 116 Texas Cr. Rep. 628, 32 S.W. 2d 473, and cases there cited.

We would not be inclined to reverse this conviction where the accused swore that he had visited the witness but declined to give her address when the same was demanded, and especially in view of the absence of a doctor's certificate.

Finding no reversible error, the judgment of the trial court is affirmed.