ARTHUR LLOYD OWEN V. STATE

No. 33,449. June 7, 1961

*Ramsey, Barber & Smith,* Andrews, and *Hancock & Freeman.*
Denver City, by *G. Bert Smith, Jr.,* for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for driving while intoxicated; the punishment, three days in jail and a fine of $50.

It is undisputed that the appellant was driving an automobile upon a public highway at the time and place alleged.

Officer Hogg testified that he saw the appellant immediately after he had stopped his automobile, heard him talk, smelled the odor of alcohol on his breath, and from appellant's manner of driving the automobile which he observed, he expressed the opinion that the appellant was intoxicated. Officer Hogg further testified that the appellant consented to take a blood test. Chemist Hannah testified that the results of such test showed the alcoholic content of the blood to be .22 per cent by weight and that such content was indicative of intoxication.

Appellant, testifying in his own behalf, denied that he was intoxicated but said he had had four drinks of vodka and some food during the four or five hours preceding his arrest. Appellant's wife testified to substantially the same facts as the appellant and stated that he was not intoxicated.

No formal bills of exception appear in the record.

Appellant's complaint of the court's action in denying his motion for a continuance does not reflect reversible error. The record fails to show that the motion was presented to and acted

238

upon by the trial court. Art. 760e, V.A.C.C.P.; Perry v. State, 160 Tex. Cr. R. 8, 266 S.W. 2d 171; Pierson v. State, 160 Tex. Cr. R. 567, 272 S.W. 2d 901; Dominguez v. State, 164 Tex. Cr. R. 571, 303 S.W. 2d 384.

It is insisted that the trial court erred in permitting the state to show the results of the blood analysis on the ground that the blood specimen was taken from the appellant while he was under arrest without complying with the requirements of the confession statute (Art. 727, C.C.P.)

The provisions of the confession statute, Art. 727, C.C.P., have no application to the obtaining of consent to the taking of a specimen of blood for the purpose of analysis. Brown v. State, 156 Tex. Cr. R. 144, 240 S.W. 2d 310, Heath v. State, 156 Tex. Cr. R. 563, 244 S.W. 2d 815; Abrego v. State, 157 Tex. Cr. R. 264, 248 S.W. 2d 490; Doyle v. State, 159 Tex. Cr. R. 310, 263 S.W. 2d 779; Owens v. State, 164 Tex. Cr. R. 613, 301 S.W. 2d 653; Monett v. State, 168 Tex. Cr. R. 124, 323 S.W. 2d 456.

The evidence is sufficient to support the conviction and no error appearing the judgment is affirmed.

Opinion approved by the Court.