**James Winston HEARN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40117.**

Court of Criminal Appeals of Texas.

Feb. 15, 1967.

James & Crosier, Cleburne, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for driving while intoxicated; the punishment, three days in jail and a fine of $50.

Notice of appeal was given on April 7, 1966.

Facts germane to the grounds of error set forth in appellant's brief will be stated.

On the night of December 25, 1966, appellant was stopped and arrested, around 10:20 p. m., by highway patrolman Paul E. Busby while driving his automobile upon U. S. Highway 81 in Johnson County. After appellant was ordered into the patrol car, patrolman Busby attempted to place handcuffs on him. Appellant objected and in a struggle which ensued appellant was struck by the officer, on the nose, with the handcuffs. Officer Busby testified that he did not strike appellant until he opened the car door and had one foot on the ground in an attempt to leave. Appellant denied that he attempted to get out of the car.

Appellant was taken from the scene to the Johnson County Memorial Hospital, arriving a few minutes before 11 p. m. There he signed a written consent to the giving of a blood specimen. Dr. Tolbert Yater then took the blood specimen from appellant, which specimen was mailed to the laboratory of the Department of Public Safety in Austin. The wound on appellant's nose, which was bleeding, was also cleaned and six stitches were taken by the doctor.

A test run upon the specimen in the state laboratory revealed that the blood contained .25% alcohol. Chemist Straughan testified that in his opinion the person from whom the blood was taken was intoxicated.

After some thirty minutes at the hospital, appellant was taken to jail. The following morning he was released on bond, after his wife had visited him and arranged for the services of an attorney.

Testifying in his own behalf, appellant stated that as a result of being struck on the nose with the handcuffs he was dazed and remembered but very little of what happened at the hospital. He stated that while he did remember the officer telling him he had to have a blood test he only had a vague recollection of signing something at the hospital but did not remember what it was. Appellant further swore that when he was taken to jail he requested permission to call his wife and a lawyer but his requests were denied. The denial of his requests was not disputed.

By grounds of error 1, 2, and 5, appellant complains of the court's action in overruling his motion to suppress the evidence pertaining to the blood test and his motion to quash the complaint and information and his motion for an instructed verdict in the case.

By ground of error #4, he complains of the court's refusal to give certain requested charges with reference to the jury's consideration of the evidence of the blood test.

In such motions and requested charges, it was appellant's contention that the evidence presented by the state relative to the blood test was inadmissible because of the arresting officer's failure to comply with Arts. 1.09, 15.17, and 16.21 of the Vernon's Ann.Code of Criminal Procedure of 1965.

Arts. 1.09 and 16.21 prohibit cruel and harsh punishment and treatment of prisoners.

Art. 15.17 makes it the duty of an arresting officer to immediately take the prisoner before a magistrate, who shall inform the person arrested "of the accusation against him and of any affidavit filed therewith, of his right to retain counsel, of his right to request the appointment of counsel if he is unable to obtain counsel, and of his right to

have an examining trial. He shall also inform the person arrested that he is not required to make a statement and that any statement made by him may be used against him. The magistrate shall allow the person arrested reasonable time and opportunity to consult counsel and shall admit the person arrested to bail if allowed by law."

■ While appellant was not immediately taken before a magistrate and informed of his rights as prescribed by Art. 15.17, supra, such failure did not render inadmissible the evidence pertaining to the blood test.

■ Prior to the enactment of the 1965 Code of Criminal Procedure it was the consistent holding of this court that the confession statute, Art. 727, V.A.C.C.P., now Art. 38.22, had no application to the obtaining of consent to the taking of a blood specimen for analysis. Heath v. State, 156 Tex.Cr.R. 563, 244 S.W.2d 815; Monett v. State, 168 Tex.Cr.R. 124, 323 S.W.2d 456; Sartain v. State, 171 Tex.Cr.R. 192, 346 S.W.2d 337; Ragland v. State, Tex.Cr.App., 391 S.W.2d 418. We adhere to such holding under the present Code.

Recently, in Weeks v. State, # 40,037, opinion delivered March 29, 1967, and not yet reported this court held that a consent to search is not a confession and not governed by the rules announced by the Supreme Court of the United States in cases such as Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

While the cases from this court have been more restrictive, we observe that in Schmerber v. State of California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908, the Supreme Court of the United States held that obtaining a blood specimen from an accused without his consent did not violate his constitutional rights.

■ Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246, cited by appellant, relate to confessions and incriminating statements made by an accused, and are not here controlling as to the giving of consent to take a blood specimen.

■ Under the decisions of this court, a consent to the taking of a blood test must be voluntary.

■ The careful trial judge submitted to the jury in his charge, with appropriate instructions, the question as to whether appellant voluntarily gave his consent to the taking of the blood specimen.

The court's instructions adequately submitted to the jury appellant's claim of mistreatment, denounced by Arts. 1.09 and 16.-21, supra.

In his ground of error #6, appellant complains that the court erred during the trial in making remarks and comments and using facial expressions and inflections in his voice directed toward appellant's counsel which were calculated to prejudice and did prejudice the jury against appellant. It is also insisted that the court erroneously restricted appellant's counsel in his questioning the jury panel on voir dire examination.

■ We have carefully considered each remark by the court of which appellant complains, and find no benefit to the state or injury to appellant which would call for a reversal of the conviction under Art. 38.05 of the 1965 Code. We do not agree that the court's inquiry of appellant's counsel, at the beginning of the trial, if he wanted appellant sworn "at this time" was injurious to appellant and calls for a reversal of the conviction. This is especially true in view of the court's instruction to the jury not to consider the comment and of the fact that appellant was sworn as a witness and testified.

The proceedings on voir dire examination of the jury panel have also been considered and do not reflect that the court erroneously restricted appellant's counsel in his questioning of the panel.

There is nothing in the record which reflects the facial expressions and tone of voice used by the court during the trial.

 Appellant's complaints as to the purported facial expressions and tone of voice are not verified by a proper bill of exception and therefore cannot be appraised. See: 5 Tex.Jur.2d 330, Sec. 200.

The judgment is affirmed.