IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-212-CR




THE STATE OF TEXAS,



 APPELLANT


vs.





MARTY DALE WILLIAMS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY



NO. 332,415, HONORABLE WILFRED AGUILAR, JUDGE



 





 The State appeals the trial court's order granting
appellee's motion to suppress evidence of the results of his blood-alcohol test. In a single point of error, the State asserts the
trial court abused its discretion in suppressing the test results. 
We reject the State's point of error and affirm the judgment of the
trial court.

 In a similar case, State v. Comeaux, 786 S.W.2d 480 (Tex.
App. 1990), aff'd, S.W.2d (Tex. Cr. App. 1991), this Court
noted that the decision to suppress the results of a blood test is
addressed to the trial court's discretion. 786 S.W.2d at 481. The
standard for reviewing the trial court's ruling on a motion to
suppress was stated as follows:



The trial court has broad discretion in ruling on
pretrial matters and in determining whether evidence is
admissible. Whether to suppress the results of a search
is committed to the trial court's discretion. In
reviewing a trial court's ruling on a motion to suppress
evidence, the appellate court will not reverse that
decision absent a clear showing that the trial court
abused its discretion. As the sole trier of fact at the
hearing on the motion, the trial judge is free to believe
or disbelieve all or any part of any witness's testimony. 
The trial court is the sole judge of the credibility of
the witnesses and the weight to be given their testimony. 
The same rules necessarily apply in cases where the State
appeals the trial court's adverse decision. In the
instant cause, the trial court granted the motion to
suppress, and we are concerned only with whether it
clearly abused its discretion in doing so. The reasons
behind the trial court's exercise of its judgment will
not create reversible error if the decision itself,
regardless of any purported basis, did not exceed the
limits of the court's discretion. 



Id. at 481-482 (citations omitted).

 On the evening of November 3, 1989, Officer Cleo May, the
only witness to testify at the hearing, investigated a one-car
accident on Barton Creek Boulevard. Upon arrival, he learned the
driver of the vehicle involved, appellee in this cause, had been
taken by ambulance to a hospital. A Travis County deputy sheriff
at the accident scene advised May that the driver of another car
had related that appellee had passed him in a no-passing zone, lost
control of his vehicle, and hit a culvert. In the course of the
on-the-scene investigation, nothing was mentioned about consumption
of alcoholic beverages nor were any alcoholic beverages or empty
containers found. May spent "probably over an hour" at the scene
before proceeding to South Austin Hospital.

 Upon arrival at the hospital, May inquired whether 
appellee had life threatening injuries. At trial, he testified
that "As far as I know or recall his injuries were not life
threatening." This was the extent of the information May learned
about appellee's injuries. May obtained no information as to
whether appellee had received any treatment or medication, nor was
anything mentioned about consumption of alcoholic beverages.

 May found appellee in the emergency room, clad in a
hospital gown, covered by a sheet, and "lying in a hospital bed." 
May testified that appellee's breath smelled of alcohol, his eyes
were red and bloodshot, and his speech was slurred. May gave
appellee an H.G.N. test (horizontal gaze nystagmus test),
concluding that appellee failed the test because "I noticed his
eyes jerked almost immediately." May gave appellee a "DIC-24" (1)
form and read it to him, including the provision "You're under
arrest for the offense of driving while intoxicated." May related
that appellee agreed to the taking of a blood specimen, signing
"the form that comes with the vial we take the blood with," and a
nurse drew the blood.

 In response to several questions as to whether appellee
was under arrest when he agreed to the blood test, May responded a
number of times that he suspected appellee was intoxicated or "he
was being investigated for the suspicion of being intoxicated." 
After being asked if May would have arrested appellee had he
refused to take the blood test and been released from the hospital,
May concluded that "I would say so."

 Before ruling on the motion to suppress, the court noted
that, where there is a severe accident, red eyes and slurred speech
may be due to the consumption of alcohol or to the accident. Upon
granting the motion, the court commented that: the officer "is
real ambivalent as to whether he's under arrest," "the few tests he
did and the fact he could have done additional tests," and "it all
goes to the issue of probable cause." In response to a question
from the prosecutor as to whether he was basing his finding on the
credibility of the witness or the facts, the court stated "I'm
basing it on the facts."

 Tex. Rev. Civ. Stat. Ann. art. 6701l-5 (Supp. 1991)
states in pertinent part:



Section 1. Any person who operates a motor vehicle upon
the public highways or upon a public beach in this state
shall be deemed to have given consent, subject to the
provisions of this Act, to submit to the taking of one or
more specimens of his breath or blood for the purpose of
analysis to determine the alcohol concentration or the
presence in his body of a controlled substance or drug if
arrested for any offense arising out of acts alleged to
have been committed while a person was driving or in
actual physical control of a motor vehicle while
intoxicated. Any person so arrested may consent to the
giving of any other type of specimen to determine his
alcohol concentration, but he shall not be deemed, solely
on the basis of his operation of a motor vehicle upon the
public highways or upon a public beach in this state, to
have given consent to give any type of specimen other
than a specimen of his breath or blood. The specimen, or
specimens, shall be taken at the request of a peace
officer having reasonable grounds to believe the person
to have been driving or in actual physical control of a
motor vehicle upon the public highways or upon a public
beach in this state while intoxicated.


Sec. 2. (a) Except as provided by Subsection (i) of
Section 3 of this Act, if a person under arrest refuses,
upon the request of a peace officer, to give a specimen
designated by the peace officer as provided in Section 1,
none shall be taken.


(b) Before requesting a person to give a specimen, the
officer shall inform the person orally and in writing
that if the person refuses to give the specimen, that
refusal may be admissible in a subsequent prosecution,
and that the person's license, permit, or privilege to
operate a motor vehicle will be automatically suspended
for 90 days after the date of adjournment of the hearing
provided for in Subsection (f) of this section, whether
or not the person is subsequently prosecuted as a result
of the arrest. 



(Emphasis added.)

 Any person who operates a vehicle upon a public highway
in this state is deemed to have given his consent, subject to the
provisions of this act, to the taking of a specimen of his breath
or blood under the provisions of section 1. See Rodriguez v.
State, 631 S.W.2d 515, 516 (Tex. Cr. App. 1982). One of the
provisions of section 1 is that the specimen is "taken at the
request of a peace officer having reasonable grounds to believe the
person to have been driving or in actual physical control of a
motor vehicle upon the public highway or upon a public beach in
this state while intoxicated." Stated another way, a person is not
deemed to have consented to the taking of the specimen unless the
officer had "reasonable grounds" to believe the person was driving
while intoxicated.

 Consent is not required under this statute unless the
person is under arrest. Burkhalter v. State, 642 S.W.2d 231, 232
(Tex. App. 1982, no pet.); Aliff v. State, 627 S.W.2d 166 (Tex. Cr.
App. 1982). The "point of arrest" occurs at the moment a person's
freedom is restricted or restrained. Hawkins v. State, 758 S.W.2d
255, 259 (Tex. Cr. App. 1988). A person has been "seized" "if, in
view of all the circumstances surrounding the incident, a
reasonable person would have believed that he was not free to
leave." United States v. Mendenhall, 446 U.S. 544, 554 (1980). 
The facts that May advised appellee he was under arrest and that
May testified he would have arrested appellee had he refused to
take the test and been released from the hospital support the trial
court's implied finding that appellee was under arrest.

 It does not matter whether "reasonable grounds" may be
equated to "probable cause" or whether the matter of voluntary
consent was made an issue in the hearing if the decision of the
court is correct on any theory of law. Calloway v. State. 743
S.W.2d 645, 651-52 (Tex. Cr. App. 1988). The fact that a correct
ruling is given for the wrong reason will not result in a reversal
of the ruling. Miles v. State, 488 S.W.2d 790, 792 (Tex. Cr. App.
1972). The reviewing court may sustain the trial court's action on
a theory that was never raised by the parties or the trial court. 
Wilson v. State, 692 S.W.2d 661, 671 (Tex. Cr. App. 1984). See
State v. Cuellar, S.W.2d (Tex. App. 1991).

 We must first determine whether the evidence will sustain
a finding by the trial court that the peace officer did not have
"reasonable grounds" to believe that appellee had committed the
offense. The officer knew nothing more than that the injuries to
appellee were not life threatening. When asked whether appellee
was in any pain when he saw him in the emergency room, Officer May
stated, "As much damage that was done to the truck I'm pretty sure
he was in some type pain." In reply to a question about the extent
of appellee's injuries, May answered, "I don't know." However,
when asked whether appellee's eyes were injured other than being
bloodshot when he gave appellee the H.G.N. test, May replied, "If
there had been anything wrong with his eyes I would not have given
the test." But May had not asked any doctor or nurse whether there
was anything wrong with appellee's eyes.

 Officer May did not testify about his training or
experience in administering the H.G.N. test, (2) nor did he explain
how he administered the test on the occasion in question. The
record is devoid of any evidence relative to what influence, if
any, injury or medication might have had on the results of the
test.

 While the trial judge stated that he did not question the
credibility of the officer's testimony, the court is the sole judge
of the weight to be given the testimony. In light of the evidence
before the court, we cannot say the trial court abused its
discretion in concluding that the officer did not have "reasonable
grounds" to believe appellee drove a vehicle upon a public highway
while intoxicated. Without "reasonable grounds" for the officer to
believe that appellee committed the offense, appellee is not deemed
to have given his consent to the taking of the specimen under
article 6701l-5.

 Since consent is not implied by law where "reasonable
grounds" for arrest do not exist, the State must prove that any
actual consent was positive and unequivocal, and the police
officers involved must not have employed duress or coercion, actual
or implied, in obtaining permission. Juarez v. State, 758 S.W.2d
772, 775 (Tex. Cr. App. 1988). In State v. Sells, 798 S.W.2d 865,
866-67 (Tex. App. 1990, no pet.), the court noted, "The Court of
Criminal Appeals has repeatedly stated that a driver's consent to
a blood or breath test must be voluntary." See also Turpin v.
State, 606 S.W.2d 907, 914 (Tex. Cr. App. 1980); Hearn v. State,
411 S.W.2d 543, 545 (Tex. Cr. App. 1967).

 While the matter of appellee's consent was not raised by
the testimony or argument at trial, the motion to suppress contains
an allegation that the sample of blood was taken without the
consent of appellee. However, as heretofore noted, the matter of
whether an issue is raised at trial is of no moment if the decision
of the court is correct on any theory of the law applicable to the
case.

 Consent must be "knowing and intelligent." Schneckcloth
v. Bustamonte, 412 U.S. 218, 236 (1973). We believe a court could
logically conclude from the totality of the circumstances in the
instant case that appellee did not voluntarily consent to the
taking of the blood sample. We are unable to conclude, upon the
record before us, that the trial court abused its discretion in
sustaining appellee's motion to quash.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

[Before Chief Justice Carroll, Justices B. A. Smith and Davis*]

Affirmed 

Filed: August 14, 1991

[Publish]








* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals,
sitting by assignment. See Tex. Gov't Code Ann. § 74.003 (1988).
1. We presume this is the warning required by section 2(b) of
article 6701l-5.
2. The H.G.N. test is explained in Howard v. State, 744 S.W.2d
640, 641 (Tex. App. 1987, no pet.) as follows:


The HGN test calls for the subject's eyes to follow the
movement of an object. As the object moves steadily to
one side of the subject's field of vision, the subject's
eyes eventually fail to track the object smoothly. The
HGN test presumes that a sober person will exhibit smooth
eye movement up to a greater angle than an intoxicated
person.