## ANITA FIERRO v. THE STATE.

No. 19922.   Delivered November 16, 1938.

The opinion states the case.

*Maxwell Burkett,* of San Antonio, for appellant.

*Van Henry Archer,* of San Antonio, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Appellant was convicted for violating the following ordinance of the City of San Antonio:

"It shall be unlawful for any person or persons to *stand* or *sit* upon the plazas, streets, sidewalks or banquettes of the city, so as to impede the progress of pedestrians."

Punishment for the offense denounced was by a fine of not less than five dollars nor more than two hundred dollars. Appellant was first tried in the city court and fined the sum of thirty dollars. She appealed to the county court at law No. 2 of Bexar County, where she was again found guilty and assessed a fine of one hundred and twenty-five dollars.

Our State's Attorney suggests that the order extending the trial term of the county court at law may be affected by the opinion of the Supreme Court in Hamilton et al. v. Empire Gas & Fuel Company, 110 S. W. (2d) 561. We find no error whatever in the order of extension. It was made alone for the

purpose of concluding the trial in this particular case, which fact is so recited in the order. The case of Knight v. State, 99 Texas Crim. Rep. 15, 267 S. W. 983, is controlling here.

It was particularly charged that appellant " * * * did unlawfully *stand* and *sit* at and near a public place, to-wit: 109 S. Pecos St. * * * upon the plazas, streets, sidewalks and banquettes of the city, and did thereby impede the progress of pedestrians."

The testimony showed that appellant and other parties were on strike in the city of San Antonio, and that appellant and other women were picketing the place designated in the complaint. There were three in one group and four in the other group. They were walking three or four abreast and would travel around the entire block and would meet and one group pass through the other. It would be necessary for other pedestrians on the street to sometimes step aside or wait their chance to get through, or wait until the picket line had moved on.

We are required by Article 8, P. C., to give to words which are not specifically defined the meaning in which they are understood in common language. Making application of this principle we think the ordinance under which appellant was convicted fails to cover the acts which are sought to show an offense. The evidence excludes the idea that appellant or her companions were sitting on the sidewalk. All the evidence indicated that they were at all times *moving* thereon. The ordinary definition of the word "standing," as found in Webster's International Dictionary, is "stopping or coming to a stand; the state of being erect upon the feet, maintenance of position, not movable, fixed."

It is conceived that the ordinance might have been so drawn as to cover the acts complained of against appellant, but as we find it we think the conviction can not be sustained.

The judgment is reversed and the cause remanded.