H. R. STASNEY V. THE STATE.

No. 23894. Delivered January 14, 1948.
On State's Motion for Rehearing February 18, 1948.
Appellant's Motion for Rehearing Asking for Dismissal of Prosecution
Instead of Reversal of Case for New Trial Filed March 17, 1948.

*Thomas L. Blanton,* of Albany, for appellant.

*R. L. Elliott,* County Attorney, of Breckenridge, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a conviction for driving an automobile while intoxicated; the punishment, a fine of $50.00.

The complaint upon which the information is predicated is fatally defective in that it charges only that the affiant has "reason to believe," without coupling therewith the further allegation "and does believe," that the accused has committed a violation of the law.

We have repeatedly held that such a complaint cannot be the basis upon which an information is presented. The latest expression from this court is that of Ex Parte Glass, 205 S. W. (2d) 46.

Because the complaint is fatally defective, the judgment is reversed and the prosecution ordered dismissed.

Opinion approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

On a former day of this term of this Court we reversed the judgment of conviction and ordered the prosecution dismissed because of a defective complaint. The State has filed a motion for a rehearing accompanied by a supplemental transcript which shows that the clerk in copying the complaint omitted the followinging averment, to-wit: "and do believe." Therefore, the motion for rehearing will be granted, the judgment of reversal set aside, and the case will now be considered and disposed of on its merits.

Appellant challenges the sufficiency of the evidence to meet the allegations of the complaint and information. It was charged in the complaint and information that H. R. Stasney did, while intoxicated and while under the influence of intoxicating liquor, unlawfully drive a motor vehicle, to-wit: an automobile, * * * upon East Walker Street situated within the incorporated limits of the City of Breckenridge, Texas, against the peace and dignity of the State. We have carefully searched the record for any proof from any source which might show that he drove an automobile on East Walker Street of the City of Breckenridge. The State particularly described the street and such allegations being descriptive of the offense, it was incumbent upon the State to prove the descriptive allegation as charged in the complaint. Having failed in this respect, the conviction cannot be sustained. In support of the opinion here expressed, we refer to the following authorities: Spencer v. State, 118 Tex. Cr. R. 336; Malone v. State, 135 Tex. Cr. R. 169; Newsom v. State, 151 S. W. (2d) 225. Many other cases on the subject might be cited.

It seems that appellant takes the position that since the officers failed to comply with the provisions of Art. 217, C. C. P. and Art. 1176, P. C., it rendered their testimony relative to his

intoxicated condition, if in fact he was intoxicated, inadmismissible. We are not in agreement with this contention.

For the error herein pointed out the judgment of the trial court is reversed and the cause remanded.

Opinion approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant has filed a motion for rehearing in which he insists that our original opinion should have directed a dismissal of the prosecution instead of remanding the case for a new trial, and requesting us to reform our judgment to that end.

We believe the proper disposition of the case was reached in our former opinion, and think it unnecessary to write further.

The motion for rehearing is overruled.