**Debra Kay HAYE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62882.**

Court of Criminal Appeals of Texas, Panel No. 1.

June 16, 1982.

Kenneth D. Carden, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen Chilton Beverly, and Earl Cross, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, TOM G. DAVIS and W. C. DAVIS, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for obstructing a highway or other passageway, V.T.C.A. Penal Code, Sec. 42.03.[1] After finding appellant guilty the court assessed punishment at 180 days in jail. The appellant challenges the sufficiency of the evidence to support the conviction.

On April 13, 1978, Officer M. K. Swofford of the Dallas Police Department observed appellant standing in the middle of the sidewalk in the 3100 block of Knight Street. The sidewalk is one of normal width. Because of a leak in the vicinity, each side of the sidewalk contained some mud. Portions of the ground on each side of the sidewalk were either wet or muddy, the "year around."

An elderly man was walking westbound on the sidewalk. He came to where the appellant was standing, stopped, walked into the mud to get around her and continued westbound on the sidewalk.

Swofford, in uniform and seated in a marked police vehicle, informed appellant that she was blocking the sidewalk in violation of state law and warned her not to do it again. Appellant walked into a barbershop and returned five minutes later to reoccupy "the same spot where she had been before" on the sidewalk.

Swofford, utilizing the public address system in the patrol car, repeated his warning. Appellant approached the police vehicle and told Swofford that she had called her lawyer and that he had told her she "could stand in the middle of any sidewalk, anywhere, at any time and there's nothing you can do to stop me." In response to the officer's question as to whether she intended to "continue to stand in the middle of the sidewalk," appellant answered in the affirmative. Following her response, Swofford arrested appellant. Further testimony of the officer regarding obstruction of the sidewalk by appellant reflected that appellant "blocked the sidewalk and caused the pedestrian to step into the median."

Sec. 42.03(b), supra, defines "obstruct" to mean "render impassable or to render passage unreasonably inconvenient or hazardous." In *Sherman v. State*, 626 S.W.2d 520 this Court in reviewing a mass picketing conviction under Art. 5154d, Sec. 1(2), V.A. C.S. gave the term "obstruction" the same definition as found in Sec. 42.03(b), supra. We held in *Sherman* that evidence of the defendant walking slowly in front of the entrance of the plant being picketed, at most "showed that appellant caused a momentary hesitation of a vehicle entering the struck premises" and did not constitute an obstruction to free ingress or egress.

In *Fierro v. State*, 135 Tex.Cr.R. 483, 121 S.W.2d 597 a defendant shown to have been moving, not standing or sitting, on a sidewalk while picketing, was not guilty of violating a city ordinance declaring it unlawful to stand or sit on a sidewalk so as to impede pedestrians' progress.

Unlike *Sherman* and *Fierro*, the appellant herein was shown to have been causing an obstruction by standing on a sidewalk rath-

1. V.T.C.A. Penal Code, Sec. 42.03, provides as follows:

"(a) A person commits an offense if, without legal privilege or authority, he intentionally, knowingly, or recklessly:

"(1) obstructs a highway, street, sidewalk, railway, waterway, elevator, aisle, hallway, entrance, or exit to which the public or a substantial group of the public has access, or any other place used for the passage of persons, vehicles, or conveyances, regardless of the means of creating the obstruction and whether the obstruction arises from his acts alone or from his acts and the acts of others; or

"(2) disobeys a reasonable request or order to move issued by a person the actor knows to be or is informed is a peace officer, a fireman, or a person with authority to control the use of the premises:

"(A) to prevent obstruction of a highway or any of those areas mentioned in Subdivision (1) of this subsection; or

"(B) to maintain public safety by dispersing those gathered in dangerous proximity to a fire, riot, or other hazard.

"(b) For purposes of this section, 'obstruct' means to render impassable or to render passage unreasonably inconvenient or hazardous.

"(c) An offense under this section is a Class B misdemeanor."

er than moving on a passageway. Another distinction between *Sherman* and *Fierro* and the instant case is discernible. In light of appellant's apparent challenge to the constitutionality of the statute under this ground of error we believe the distinction is important. The Court in those two cases involving violations under picketing statutes was confronted with balancing the defendants' rights under the First Amendment with the right of the public to have access to the struck premises. This is not to suggest that appellant herein was not making some type of expression by standing on the sidewalk, but it clearly was not as apparent as that of the defendants in *Sherman* and *Fierro*. As was pointed out in *Sherman* the Legislature in Art. 5154d, supra was trying to accommodate private and public interests. The private interests were the rights of freedom of speech and assembly as expressed by picketing activity. The public interests were the safety and general welfare of the people and the right to engage in their daily pursuits without unlawful interference from others. In *Sherman*, where, as hereinbefore noted, the definition of obstruction set forth in Sec. 42.03, supra was utilized in determining the meaning of obstruction in Art. 5154d, supra, we found Art. 5154d, supra to meet constitutional muster by protecting the rights of the public in having access to premises that were under strike without violating the rights of the individual under the First Amendment.

The State has the right to regulate the use of city streets and other facilities to assure the safety and convenience of people in their use. *Cox v. Louisiana*, 379 U.S. 356, 85 S.Ct. 453, 13 L.Ed.2d 471. We find that Sec. 42.03, supra protects the right of the public to the reasonably convenient use of sidewalks and other passageways without an encroachment upon the First Amendment rights of the individual. *Sherman v. State*, supra. We find Sec. 42.03, supra to not be violative of the First Amendment to the United States Constitution.

In assessing the sufficiency of the evidence to support the conviction, we are mindful that appellant was not charged with disobeying a reasonable request to move by the officer under Sec. 42.03(a)(2), but rather with the obstruction of a sidewalk. In determining whether such obstruction was "unreasonably inconvenient or hazardous" we look to the uncontroverted testimony of the officer that a man had to walk into the mud to get around appellant and that appellant "blocked the sidewalk and caused the pedestrian to step into the median." While appellant's conduct may not have caused a hazardous obstruction, we find the evidence sufficient to support a finding that her obstruction of the sidewalk rendered "passage unreasonably inconvenient."

We find no merit in appellant's argument that arrest occurred after appellant's second appearance on the sidewalk rather than on the first occasion when a pedestrian had to walk around her.

Appellant urges that the evidence does not reflect that appellant knowingly and intentionally obstructed the sidewalk. Officer Swofford testified that appellant "remained in the middle of the sidewalk and did not move in any direction at all" when the elderly man approached her on the sidewalk. Additional evidence of appellant's intent is shown by her returning to the sidewalk a second time and proclaiming that she could stand in the middle of any sidewalk at any time. Proof of intent will generally rely on circumstantial evidence. *Dillon v. State*, 574 S.W.2d 92 (Tex.Cr. App.). Intent may be inferred from the circumstances surrounding the prohibited act. *Hemphill v. State*, 505 S.W.2d 560 (Tex.Cr.App.). We find no error in the court concluding that appellant possessed the requisite intent to commit the offense in question.

Lastly appellant contends that the information alleges that the obstruction of the sidewalk caused "pedestrians" to step onto the median while the evidence showed that only one pedestrian was involved. The indictment in pertinent part alleges that appellant did unlawfully:

"then and there without legal privilege and authority, intentionally and knowingly obstruct a sidewalk to which the public had access, by blocking the sidewalk causing pedestrians to step onto the median."

The gravamen of the offense as stated in Sec. 42.03, supra is the obstruction of a public sidewalk to which the public has access. The proof was such as to show that appellant had blocked the sidewalk in such a way as to cause "pedestrians" to step into the median.

The judgment is affirmed.