**William PIETZSCH, et al.,**
**Plaintiffs-Appellants,**

v.

**Jim MATTOX, et al.,**
**Defendants-Appellees.**

**No. 83–2063**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 10, 1983.

Rehearing and Rehearing En Banc
Denied Jan. 23, 1984.

---

James L. Steele, James R. Walker, Houston, Tex., for Pietzsch.

Glen Van Slyke, Eliot D. Shavin, Houston, Tex., for Sullivan.

Leslie A. Benitez, Asst. Atty. Gen., Austin, Tex., for Mattox, Clements and Strake.

Susan Spruce, Asst. Dist. Atty., Houston, Tex., for Holmes.

John E. Fisher, John J. Hightower, Asst. City Atty., Houston, Tex., for Johnson and Brown.

Before BROWN, TATE and HIGGINBOTHAM, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

Appellants William Pietzsch and Joseph Sullivan, supporters of the Revolutionary Communist Party and sidewalk sellers of its weekly newspaper, *Revolutionary Worker,* filed an action under 42 U.S.C. § 1983, seeking declaratory and injunctive relief to prevent enforcement of Tex.Penal Code Ann. §§ 42.03 and 42.04 (Vernon 1974), Texas statutes prohibiting the obstruction of highways and public passageways. Appellants contended the two statutes were unconstitutionally vague and overbroad, thus violating the First and Fourteenth Amendments to the United States Constitution. The United States District Court held that it had jurisdiction since appellants had raised a substantial question in challenging the statutes, and held that appellants had standing by virtue of their real interest in the constitutionality and interpretation of the statutes. However, the Court invoked the doctrine articulated in *Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), and abstained from judgment on the constitutionality of the Texas laws. The Court stated that the suit presented unsettled issues of state law on which Texas courts had had no opportunity to rule. Therefore, the Court reasoned, due to the pendency in the Texas appellate courts of a case involving the identical constitutional challenge to the two statutes, the Texas courts should be afforded the initial opportunity to interpret the challenged statutes, and abstention by the federal court was proper. From this judgment, appellants Pietzsch and Sullivan appeal.

█ The judicially-created doctrine of abstention, first fashioned in *Pullman,* is circumscribed to constitutional challenges posing "special circumstances". *Zwickler v. Koota,* 389 U.S. 241, 248, 88 S.Ct. 391, 395, 19 L.Ed.2d 444, 450 (1967). In order for the abstention doctrine to be applied, the court must be convinced that at least one of the three factors identified in *Pullman* are present:

1) whether the disposition of a question of state law involved in the case can eliminate or narrow the scope of the federal constitutional issue;

2) whether the state law question presents difficult, obscure or unclear issues of state law; or

3) whether a federal decision could later conflict with subsequent state court resolutions concerning the same regulatory program or scheme, thus engendering more confusion.

As a result of its narrow scope, abstention is the exception rather than the rule. *High Ol' Times, Inc. v. Busbee,* 621 F.2d 135, 139 (5th Cir.1980). By virtue of the discretion afforded to the District Court in abstention questions, our review inquires whether the Court abused its discretion. *Chancery Clerk of Chickasaw County, Mississippi v. Wallace,* 646 F.2d 151, 154 (5th Cir.1981). *See also Duncan v. Poythress,* 657 F.2d 691, 696 (5th Cir.1981).

█ Though the District Court recognized the substantial authority counseling against abstention in suits challenging the facial constitutionality of state laws, in addition to the costs which flow from abstention in cases reviewing statutes that have an allegedly chilling effect on First Amendment rights, the Court cited *Ziegler v. Ziegler,* 632 F.2d 535, 539 (5th Cir.1980) for the proposition that the arguments for abstention are compelling where there is already pending a state court action that is likely to resolve the state law issue. Appellant correctly states that the Texas Court of Criminal Appeals, in *Haye v. State,* 634 S.W.2d 313 (Tex.Cr.App.1982), rendered a decision on § 42.03. However, a reading of *Haye* shows that, though the court held § 42.03 not to violate the First Amendment, it did not review both §§ 42.03 and 42.04 on the issues of vagueness and overbreadth, the two specific complaints they bring in this case. The rule is clear that:

[w]here a state statute, not yet construed by the state courts, is susceptible of one construction that would leave it free of

constitutional infirmity and of another construction that might not, then the District Court should stay its hand in favor of a state court determination of the statute's meaning. The federal court should not place itself in the position of holding the statute unconstitutional by giving it the latter construction only to discover that the state courts would give it the former.

\* \* \* \* \* \*

[w]here as here, there is already pending a state action that is likely to resolve the state question without the commencement of new proceedings in state court, the argument in favor of abstention is even more compelling.

*Ziegler,* 632 F.2d at 538, 539. In the instant case, appellants point out that the same allegations of statutory vagueness and overbreadth are being raised by their associates in a case now pending before the Texas Court of Appeals for the Fourteenth Supreme Judicial District. For this reason, the trial court correctly concluded that the Texas courts might interpret the statutes in a manner that will moot or alter the plaintiffs' constitutional vagueness and overbreadth claims, and it properly abstained from rendering a judgment on the two statutes.

 In finding no abuse of discretion by the court below, we underscore that abstention "does not, of course, involve the abdication of federal jurisdiction, but only the postponement of its exercise...." *Ziegler,* 632 F.2d at 538; *Harrison v. NAACP,* 360 U.S. 167, 177, 79 S.Ct. 1025, 1030, 3 L.Ed.2d 1152, 1158 (1959).

The judgment is affirmed.

AFFIRMED.

TATE, Circuit Judge, dissenting:

The majority holds that it is appropriate to abstain under *Pullman* from ruling on the claimed facial unconstitutionality, because of vagueness and overbreadth, of Texas streetway-obstruction statutes used as a basis for arrest and conviction of sidewalk sellers of a Communist newspaper, in alleged violation of their First and Fourteenth Amendment rights. The plaintiffs themselves have not been prosecuted under these statutes, but their associates have. The majority finds that the district court did not abuse its discretion in so abstaining until Texas courts have ruled upon the constitutionality of these statutes—now attacked on appeals from convictions under these statutes of four of the plaintiffs' associates, arrested on July 24, 1980, their appeal pending in the Texas Court of Appeals since 1981.

I respectfully dissent. Under the circumstances shown, abstention is improper under *Baggett v. Bullitt,* 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964) (reversing abstention), as applied in *Harman v. Forssenius,* 380 U.S. 528, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965), and explained approvingly in *Procunier v. Martinez,* 416 U.S. 396, 401 n. 5, 94 S.Ct. 1800, 1805 n. 5, 40 L.Ed.2d 224 (1974), and as interpreted and applied by this court in *High Ol' Times, Inc. v. Busbee,* 621 F.2d 135 (5th Cir.1980) (reversing abstention). *See also International Society for Krishna Consciousness v. Eaves,* 601 F.2d 809, 822–23 (5th Cir.1979).

By the present action, filed in November 1980, the plaintiffs have sought declaratory and injunctive relief under 42 U.S.C. § 1983 with regard to the facial unconstitutionality of these statutes. The evidence is uncontradicted that, for fear of arrest and prosecution thereunder, they have been inhibited in the dissemination, through street sales of their periodical, of constitutionally protected expression of their views. It is important to note that the plaintiff's attack on the constitutional validity of the Texas statutes is not that they have been selectively or improperly applied, but that the statutes are facially invalid because of their vagueness and overbreadth (*i.e.,* that under their express terms, the statutes may attach criminal penalties to the plaintiffs' exercise of First Amendment rights). As we stated in *Krishna, supra,* while abuses of application can be struck down as they arise, a vague or excessively broad statute invokes the issue "not [of] potential abuses but [of]

the very existence of broad, sensorial power," when First Amendment rights are at issue. 601 F.2d at 823.

In invoking *Pullman* abstention, the district court felt that state construction of the 1974 statute might eliminate or narrow the scope of the federal constitutional issue, a threshold requirement for such abstention. However, abstention is not appropriate where facial vagueness or overbroadness of a previously uninterpreted state statute is claimed to inhibit or prevent the exercise of rights protected by the federal constitution. *Baggett v. Bullitt, supra.* In *Procunier, supra,* 416 U.S. at 401 n. 5, 94 S.Ct. at 1805 n. 5, the Supreme Court more recently summarized the holding of *Baggett:*

> In *Baggett* the Court considered the constitutionality of loyalty oaths required of certain state employees as a condition of employment. For the purpose of applying the doctrine of abstention the Court distinguished between two kinds of vagueness attacks. Where the case turns on the applicability of a state statute or regulation to a particular person or a defined course of conduct, resolution of the unsettled question of state law may eliminate any need for constitutional adjudication. 377 U.S., at 376–377, 84 S.Ct., at 1325–1326. Abstention is therefore appropriate. Where, however, as in this case, the statute or regulation is challenged as vague because individuals to whom it plainly applies simply cannot understand what is required of them and do not wish to forswear all activity arguably within the scope of the vague terms, abstention is not required. *Id.,* at 378, 84 S.Ct., at 1326. In such a case no single adjudication by a state court could eliminate the constitutional difficulty. Rather it would require "extensive adjudications, under the impact of a variety of factual situations," to bring the challenged statute or regulation "within the bounds of permissible constitutional certainty." *Ibid.*

In *High Ol' Times v. Busbee, supra,* we reversed the abstention of a district court based on quite similar reasons to those the majority here affirms. In reversing, we stated:

> Turning to the first factor considered in *Pullman, supra,* one of appellants' challenges was that the statutes suffer the vagueness malady in that they provide no fair notice of the precise conduct proscribed. Moreover, the statutes are alleged to lack any guidance as to the intent element required in order to violate either one of them. The district court declined, however, to examine further any of appellants' other constitutional challenges; its decision to abstain was based on the above vagueness challenge only. Considering for a moment that issue alone, we have serious doubts that a saving construction exists which would eliminate the vagaries of either of these statutes.[5] Nevertheless, appellees strenuously argue that abstention was proper since the state court never had an opportunity to construe the statute. However, "[i]f the state statute in question, although never interpreted by a state tribunal, is not fairly subject to an interpretation which will render unnecessary or substantially modify the federal constitutional question, it is the duty of the federal court to exercise its properly invoked jurisdiction." *Harman v. Forssenius, supra,* 380 U.S. at 534–35, 85 S.Ct. at 1182, 14 L.Ed.2d at 55, *citing Baggett v. Bullitt, supra,* 377 U.S. at 375–79, 84 S.Ct. at 1324–26, 12 L.Ed.2d at 387–89.

We believe that such is the case here; a state court interpretation of the statutes would neither render unnecessary nor substantially modify the federal constitutional question. * * *

---

[5] Appellees offered no interpretation whatsoever and the district court's suggestion, 449 F.Supp. [364] at 368 n. 3, appears unlikely. "We have frequently emphasized that abstention is not to be ordered unless the state statute is of an uncertain nature, and is *obviously* susceptible of a limiting construction." *Zwickler v. Koota,* 389 U.S. 241, 251 n. 14, 88 S.Ct. 391, 397 n. 14, 19 L.Ed.2d 444, 451 n. 14 (1967) (emphasis supplied). *Cf. Steffel v. Thompson,* 415 U.S. 452, 474–75 n. 21, 94 S.Ct. 1209, 1223 n. 21, 39 L.Ed.2d 505, 523–24 n. 21 (1974) ("Abstention ... might be more appro-

priate when a challenge is made to the state statute as applied, rather than upon its face, since the reach of an uncertain state statute might, in that circumstance, be more susceptible of a limiting or clarifying construction that would avoid the federal constitutional question.")

621 F.2d at 140.

Without citing or distinguishing the principles enunciated by the above decisional authority, which I feel to be controlling, the majority rests its determination approving abstention upon *Ziegler v. Ziegler,* 632 F.2d 535 (5th Cir.1980). This decision is construed as supporting a proposition that the arguments for abstention are "compelling" where there is already pending a state court action that is likely to resolve the state law issue. The issue in *Ziegler* concerned an issue whether a state community-property rule denied a husband the equal protection of the laws. Prior to the husband's institution of the federal action, the wife had filed a divorce and partition suit in state court against the husband, in which the same issue was implicated.

The district court's abstention was based, not on *Pullman,* but on the Anti-Injunction Act, 28 U.S.C. § 2283 and *Younger v. Harris,* 401 U.S. 97, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (*i.e.,* on unavailability of federal injunctive relief where proceedings are already pending in state court). In affirming abstention (but on a *Pullman* basis), we took into consideration that a new state statute, reasonably so potentially applicable in the pending state partition proceedings, might "eliminate the need to render a constitutional decision in the sometimes unpredictable area of benign, gender-based discrimination," 632 F.2d at 539, and that "domestic relations law is a subject peculiarly within the province of the states, and abstentions could have the salutary effect of making intrusion by the federal judiciary into this sensitive area of state concern altogether unnecessary." *Id.*

It was in that context, of a prior pending suit between the two parties now before the federal court, that we concluded, "where, as here, there is already pending a state action without the commencement of new proceedings in state court, the argument in favor of abstention is even more compelling." 632 F.2d at 539. It seems obvious to me that *Ziegler v. Ziegler,* relating to a situation where a prior-filed state suit between the same parties might resolve the issue before the federal court on a purely state law basis, was not intended to overrule the United States Supreme Court and Fifth Circuit decisions following *Baggett v. Bullitt,* nor to apply to a situation where the parties before the federal court, not themselves involved in prior state proceedings, pray for declaratory and injunctive relief against enforcement of state statutes as facially unconstitutional because of vagueness and overbreadth, because these parties' exercise of their First Amendment rights have been inhibited through threatened (but no actual) prosecution upon those statutes.

I respectfully dissent.