**Virgil V. GREEN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 04–87–00433–CR.**

Court of Appeals of Texas,
San Antonio.

July 19, 1989.

Donald F. Killingsworth, Tyler, for appellant.

Fred G. Rodriguez, Angela Sandoval, Robert McClure, Jay Brandon, Crim. Dist. Attys., San Antonio, for appellee.

STATE'S MOTION FOR EN BANC CON-
SIDERATION OF MOTION FOR RE-
HEARING; AND STATE'S MOTION
FOR REHEARING

PEEPLES, Justice.

The State's motion for rehearing En Banc is granted. Its motion for rehearing is granted, and the following is substituted for the panel opinion of December 21, 1988, as the opinion of this court.

After the trial court denied his motion to suppress, appellant pleaded no contest to driving while intoxicated and was sentenced to ten days' confinement, probated for one year, plus a $100.00 fine. In this court he contends that the arresting officer lacked probable cause to stop him and that the trial court should have suppressed the fruits obtained as a result of the unlawful arrest. We hold that the evidence supports the court's finding of probable cause, and accordingly we affirm the judgment.

Three witnesses testified at the suppression hearing: Officer Clyde Flint, appellant, and appellant's friend, John Tucker. Officer Flint stated that for two to four minutes he observed appellant in his automobile stopped and blocking traffic in the southbound lane of Cherry Street near its intersection with East Houston. During these few minutes, while appellant conversed with a woman the officer knew to be a prostitute, three or four cars had to steer around his car on the narrow two-lane street. Appellant's stopped automobile was impeding traffic and causing a hazard. The blocked southbound lane was marked as a no-parking zone. Before the officer could make his approach, the female got into the car and appellant turned through a corner driveway onto East Houston. When Officer Flint stopped appellant, he noticed that he was intoxicated and made the arrest.

Appellant and his witness Tucker gave a different version of the facts, testifying that appellant was in the driveway and was not on the street blocking traffic. The trial court, however, resolved this conflicting testimony in favor of Officer Flint's version, which as the trier of fact he was entitled to do. *See Carrasco v. State,* 712 S.W.2d 120, 122 (Tex.Crim.App.1986).

We hold that the facts recounted by Officer Flint gave him probable cause to stop appellant under several provisions of law.[1]

---

1. At the suppression hearing the State apparently cited only TEX.REV.CIV.STAT.ANN. art. 6701d, § 170(a) (Vernon 1977) [unlawful to drive so slowly as to impede traffic]. We believe the facts related by the officer also justified his actions under TEX.REV.CIV.STAT.ANN. art. 6701d, § 95(a)(3)(B) (Vernon Supp.1989) and San Antonio, Tex., Code ch. 19, art. VI § 19–193 (1986) [under both provisions, unlawful to park in no-parking zone] and TEX.REV. CIV.STAT.ANN. art. 6701d, § 188 (Vernon 1977) [unlawful to drive through a parking lot or driveway for purpose of turning from one street to another].

Officer Flint's testimony clearly shows that appellant took actions that violated these enactments, and it is of no consequence that the State did not cite each of these authorities in the trial court in opposition to the motion to suppress.

"The State does not have the burden of listing or verbalizing in the trial court every possible basis for holding a search legal or else waive that basis for urging on appeal the validity of the search." *Lewis v. State,* 664 S.W.2d 345, 347

The officer's stated basis for stopping the car—that it was impeding traffic in violation of article 6701d, § 170(a)—was valid and supports the trial court's denial of the motion to suppress. Section 170 provides:

> (a) No person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or in compliance with law.

TEX.REV.CIV.STAT.ANN. art. 6701d, § 170(a) (Vernon 1977).

The trial court impliedly found that appellant stopped his car just inside the lane of traffic, forcing three or four other cars to steer around, blocking traffic and causing a hazard. Appellant does not contend that section 170 does not cover stopped vehicles like the one described by Officer Flint. Instead he argues that the officer's version is inconsistent and not credible, and that he really stopped appellant for picking up a prostitute. But the trial court resolved those issues in favor of the State, and we may not disturb its findings.

■ Even though appellant has not contended, by point of error or argument, that section 170 is inapplicable to wholly stopped vehicles, we reach the question because the panel majority held that section 170 applies only to slowly moving vehicles, not to stationary ones. We disagree and hold that section 170 applies to vehicles completely stopped or parked in a lane of traffic, as well as to those moving at a slow speed. It seems inconceivable to us that the legislature has forbidden automobiles to impede traffic by moving at a glacial pace, while allowing them to impede the flow of traffic by coming to a dead stop. The statute's objective is clear—to prevent the blocking of traffic—and we believe the greater prohibition (don't drive too slowly

in traffic) encompasses the lesser (don't park in traffic).

Our construction of section 170 is in accord with recognized canons of statutory interpretation. Statutes should be construed to accomplish the intent of the legislature, "even if the intent is not altogether consistent with the strict letter of the statute." *State v. Terrell*, 588 S.W.2d 784, 786 (Tex.1979); *City of Mason v. West Texas Utilities Co.*, 150 Tex. 18, 237 S.W.2d 273, 278 (1951). Concerning section 170, the legislature's obvious intent was to forbid drivers to impede the flow of traffic by requiring them to move at a reasonable speed.

Statutes should be interpreted to avoid absurd, foolish results unless there is no alternative. *McKinney v. Blankenship*, 154 Tex. 632, 282 S.W.2d 691, 698 (1955); *Cramer v. Sheppard*, 140 Tex. 271, 167 S.W.2d 147, 155 (1942). *See also* 2A SUTHERLAND, STATUTES AND STATUTORY CONSTRUCTION §§ 45.12, 46.07 (4th ed. 1984) (literal interpretation of statute not favored if it leads to absurd result). Our construction of section 170 avoids the unreasonable result that the panel opinion would have achieved. Under the panel opinion it would have been lawful to block traffic by parking in a lane of traffic, but unlawful to block the lane by creeping along at one mile per hour.

■ It is certainly true that penal statutes are more strictly construed than civil provisions. *First State Bank v. Miller*, 563 S.W.2d 572, 577 (Tex.1978); *Townsend v. State*, 427 S.W.2d 55, 62 (Tex.Crim.App. 1968). But even penal statutes are not construed so strictly as to defeat obvious legislative intent. *Perrin v. United States*, 444 U.S. 37, 49 n. 13, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979); *Huddleston v. United States*, 415 U.S. 814, 831, 94 S.Ct. 1262, 1272, 39 L.Ed.2d 782 (1974). In *State v.*

(Tex.Crim.App.1984); *accord, Sullivan v. State*, 564 S.W.2d 698, 704 (Tex.Crim.App.1978) (on rehearing). Concerning a motion to suppress the fruits of a search, the court has said "it is well established that the mere fact that a correct ruling is given for the wrong reason will not result in a reversal. If the decision is correct on any theory of law applicable to the case it will

not be disturbed." *Calloway v. State*, 743 S.W.2d 645, 651–52 (Tex.Crim.App.1988). "Usually if the trial court's action is correct, although a wrong or insufficient reason is given, no reversal will follow, and this is especially true regarding admission of evidence." *Dugard v. State*, 688 S.W.2d 524, 530 n. 2 (Tex.Crim. App.1985).

*Spencer,* 276 N.C. 535, 173 S.E.2d 765, 773–74 (1970), the court faced a situation analogous to our own, and held that a statute that prohibited "standing" in traffic reached walking slowly as well. Sutherland's treatise singles out *Spencer* as an example of the maxim that penal statutes must be read with common sense:

> The principle that even penal statutes should not be construed so strictly as to violate common sense is well illustrated in a decision which held that a statute which made it an offense to, among other things, "stand" in the street so as to obstruct traffic was applicable to one who effected an obstruction while walking as well as to those who did so by standing still.

3 *SUTHERLAND, supra,* § 59.06, at 36.

■ The essential requirement is fair warning—that is, that the defendant be fairly " 'informed as to what the State commands or forbids' " and that " 'men of common intelligence' not be forced to guess at the meaning of the criminal law." *Smith v. Goguen,* 415 U.S. 566, 574, 94 S.Ct. 1242, 1247, 39 L.Ed.2d 605 (1974).

> [B]ecause we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning.

*Grayned v. City of Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222 (1972). In the present case, appellant Green had fair notice that it was unlawful to stop his vehicle—as opposed to driving it slowly—in a lane of traffic while talking with his potential companion. Appellant "was not short of notice that his actions were unlawful." *Huddleston v. United*

*States,* 415 U.S. at 831, 94 S.Ct. at 1272. We hold that the officer had probable cause under section 170.

■ A second basis for overruling the motion to suppress is the court's implied finding that appellant had unlawfully parked in a no-parking zone. Officer Flint referred to no-parking signs at several points in his testimony. Appellant concedes this much, but complains that the witness did not draw a no-parking zone on his diagram, which was not introduced into evidence and is not in the record before us. Section 19–193 of the San Antonio Code provides:

> Sec. 19–193. Parking prohibited at all times on certain streets.
>
> When signs are erected giving notice thereof, no person shall park a vehicle at any time upon any of the streets designated as "no parking zones" by separate ordinance of the city.

TEX.REV.CIV.STAT.ANN. art. 6701d, § 95(a)(3)(B) (Vernon Supp.1989) contains a similar provision:

> Sec. 95. (a) Except as provided by Subsections (c) and (d) of this section and except when necessary to avoid conflict with other traffic, or in compliance with law or the directions of a police officer or official traffic-control device, no person shall:
>
> .        .        .        .        .
>
> (3) Park a vehicle, whether occupied or not, except temporarily for the purpose of and while actually engaged in loading or unloading merchandise or passengers:
>
> .        .        .        .        .
>
> (B) At any place where official signs prohibit parking.

Under each of these two provisions, the officer's actions were justified. The area was designated as a no-parking zone,[2] and

---

**2.** TEX.REV.CIV.STAT.ANN. art. 6701d, §§ 20E and 20F (Vernon 1977) defines parking and standing in virtually identical terms as follows:

*Park or parking*

Sec. 20E. Means the standing of a vehicle, whether occupied or not, otherwise than temporarily for the purpose of and while actually engaged in loading or unloading merchandise or passengers.

*Stand or standing*

Sec. 20F. Means the halting of a vehicle, whether occupied or not, otherwise than temporarily for the purpose of and while actually engaged in receiving or discharging passengers.

the vehicle was parked a few minutes,[3] while the driver talked with a woman but was not "actually engaged in loading." Any conflict in the testimony was resolved by the court in favor of probable cause. We hold that the arrest was lawful under each of these two enactments dealing with no-parking zones.

■ One additional basis for the trial court's finding of probable cause is the officer's testimony that appellant drove from Cherry Street through the parking lot of Tucker's Bar onto East Houston without stopping. That maneuver violated article 6701d, section 188, which provides:

> Sec. 188. No person driving a vehicle shall cross a sidewalk or drive through a driveway, parking lot, or business or residential entrance without bringing the vehicle to a complete stop. No person driving a vehicle shall cross, drive in or on such sidewalks, driveways, parking lots or entrances at an intersection for the purpose of making either a right or left turn from one street or highway to another street or highway.

TEX.REV.CIV.STAT.ANN. art. 6701d, § 188 (Vernon 1977).

■ In his second point of error, appellant contends that the court should have granted his motion to suppress because he was videotaped at the police station before he was taken to a magistrate. Article 14.-06, TEX.CODE CRIM.PROC.ANN. (Vernon Supp.1989) provides in pertinent part:

> In each case enumerated in this Code, the person making the arrest shall take the person arrested or have him taken without unnecessary delay ... before some *magistrate* of the county where the arrest was made....

Article 15.17, TEX.CODE CRIM.PROC. ANN. (Vernon Supp.1989) contains an almost identical provision. The record does not reveal the length of time that elapsed,

what the videotape showed, or whether a magistrate was available at 3:15 a.m. But appellant was advised of his rights, and he does not argue that he was interrogated or that he gave any statements.

The failure to take the accused immediately to a magistrate does not automatically require the exclusion of evidence. *Williams v. State*, 692 S.W.2d 671, 675–76 (Tex.Crim.App.1984) (confession); *Howard v. State*, 453 S.W.2d 150, 151 (Tex.Crim. App.1970) (fingerprints); *Hearn v. State*, 411 S.W.2d 543, 545 (Tex.Crim.App.1967) (blood test); *Stasney v. State*, 151 Tex. Crim. 563, 208 S.W.2d 894, 895 (1948) (testimony of officers about accused's intoxicated condition). The reasonableness of a delay must be judged on the facts of each case, and one court recently surveyed the cases and found that they have approved detentions ranging from one and one half to fifteen hours. *Niehouse v. State*, 761 S.W.2d 491, 494 n. 4 (Tex.App.—Dallas 1988, no pet.). No error has been shown.

For each of these reasons, we conclude that the trial court correctly denied appellant's motion to suppress.

The judgment is affirmed.

CADENA, C.J., concurs.

CADENA, Chief Justice, concurring.

I concur solely on ground he turned into a driveway to get to another street in violation of TEX.REV.CIV.STAT.ANN. art. 6701d, § 188 (Vernon 1977).

CHAPA, J., joins in concurrence.

---

**3.** At one point Officer Flint testified "2–3 min-        utes," and at another, "3–4 minutes."