Affirmed and Memorandum Opinion filed April 28, 2005









Affirmed
and Memorandum Opinion filed April 28, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01140-CR

NO. 14-03-01141-CR

_______________

 

HERSCHEL PUMPAREY CASHIN, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_________________________________________________

 

On Appeal from 228th District Court

Harris County, Texas

Trial Court Cause Nos. 939672 &
939673

_________________________________________________

 

M
E M O R A N D U M   O P I N I O N








Appellant
Herschel Pumparey Cashin was charged with two felony offenses of possession of
a controlled substance, namely cocaine and heroin.  The trial court denied appellant=s motion to suppress and appellant
then entered pleas of guilty in both cases.[1]  The trial court deferred findings of guilt,
placed appellant on community supervision for two years, and assessed a $5,000
fine in each case.  On appeal, appellant
argues the trial court erred in denying his motion to suppress because the
initial traffic stop was illegal and thus rendered any seized evidence
inadmissible.  We affirm.

I.  Factual and Procedural Background

While
on patrol, Houston police officers Eric Newman and his partner, Bridget Lummus,
observed a white Mercedes vehicle stopped in the right hand lane of a four-lane
road, a short distance from the intersection, blocking a moving lane of
traffic.  Newman also observed a group of
adolescent boys speaking with the Mercedes=s occupants.  The boys appeared to Newman to be
apprehensive during the exchange with the car=s occupants.  Based on these observations, the officers
decided to make a traffic stop.  

When
the patrol vehicle=s lights were activated, the Mercedes did not immediately
stop, but continued traveling along the road. 
During that time, the officers observed the driver, later determined to
be appellant, reaching toward the passenger seat, Amoving around frantically as if
grabbing for something.@  Lummus also observed
the driver throwing something out of the driver=s side window.  Once stopped, the officers found, in plain
view on the floorboard of the vehicle, a clear plastic bag containing cocaine
and a bottle with heroin residue.  Heroin
was also discovered on the top of the driver=s side door, next to the window.  Appellant and the passenger[2]
were both arrested.  

II.  Analysis








In
his sole issue on appeal, appellant argues that the trial court erred in
denying his motion to suppress because the traffic stop was unreasonable,
violating his constitutional rights. 
According to appellant, the officers acted unreasonably in stopping his
vehicle because other vehicles were able to move around the Mercedes and the
car=s engine was running during the
fifteen second period in which the officers observed the vehicle.  Given these circumstances, appellant claims
that section 42.03 of the Penal Code, the traffic violation appellant asserts
Newman relied on, does not apply.[3]  Appellant contends that because the initial
traffic stop was unreasonable, the evidence seizedBBeven if in plain viewBBwas Afruit of the poisonous tree.@ 
We examine whether the officers= decision to initiate the traffic
stop was reasonable under the Fourth Amendment.[4]          

1.         Standard of Review

In
a motion to suppress hearing, the trial court is the sole trier of fact and the
sole judge of the credibility of the witnesses and the weight to be given their
testimony.  State v. Ross, 32
S.W.3d 853, 855 (Tex. Crim. App. 2000) (en banc).  The court is free to believe or disbelieve
all or any part of a witness=s testimony, even if the testimony is uncontroverted.  Id. 
Thus, a trial court=s ruling on a motion to suppress is reviewed under a
bifurcated standard of review, giving almost total deference to the trial court=s determination of historical facts
that the record supports and reviewing de novo the court=s application of search and seizure
law to those facts.  Balentine v.
State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002); Porath v. State,
148 S.W.3d 402, 407 (Tex. App.CHouston [14th Dist.] 2004, no pet.).  We also afford almost total deference to the
trial court=s rulings on mixed questions of law
and fact when resolution of those questions turns on an evaluation of
credibility and demeanor.  Ross,
32 S.W.3d at 856. 








When
the trial court does not make explicit findings of fact, as in this case, we
view the evidence in the light most favorable to the trial court=s ruling and assume that the trial
court made implicit findings of fact supported in the record.  Balentine, 71 S.W.3d at 768.  Further, if the trial court=s decision is correct on any theory
of law applicable to the case, the decision will be sustained.  Ross, 32 S.W.3d at 855B56; Cook v. State, 63 S.W.3d
924, 927 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d). 

2.         Search and Seizure Law

A
traffic stop is a Fourth Amendment seizure resembling an investigative
detention.  See Whren v. United
States, 517 U.S. 806, 809B10 (1996).  An officer
may stop and briefly detain someone for investigative purposes if the officer
has a reasonable suspicion that the individual may be involved in criminal
activity.  James v. State, 102
S.W.3d 162, 170  (Tex. App.CFort Worth 2003, pet. ref=d) (citing Terry v. Ohio, 392
U.S. 1, 29 (1968)).  Reasonable suspicion
exists if the officer has specific articulable facts that, when combined with
rational inferences from those facts, would lead him to reasonably suspect that
an individual has, is, or soon will be, engaged in illegal conduct.  Id. 
The reasonableness of the investigative detention must be evaluated
in objective terms by examining the totality of the circumstances.  Kothe v. State, 152 S.W.3d 54, 63
(Tex. Crim. App. 2004).  In examining
reasonableness under the Fourth Amendment, bright-line rules are avoided;
instead, the emphasis is on the fact-specific nature of the inquiry.  Id. 

An
officer may lawfully stop a motorist who commits a traffic violation.  Powell v. State, 5 S.W.3d 369, 376
(Tex. App.CTexarkana 1999, pet. ref=d). 
Further, the principles announced in Terry apply in determining whether
a traffic violation has occurred just as they do in relation to other
crimes.  Id.  Thus, if an officer has a reasonable basis
for suspecting that a traffic violation was in progress or has occurred, the
officer may legally initiate a traffic stop. 
Id. at 376B77 (citing Drago v. State, 553 S.W.2d 375, 377B78 (Tex. Crim. App. 1977)).  The State is not required to show that a
traffic offense was actually committed, only that the officer reasonably
believed a violation was in progress.  Garcia
v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001); Green v. State,
93 S.W.3d 541, 545 (Tex. App.CTexarkana 2002, pet. ref=d). 








When
a police officer stops a defendant without a warrant and without the defendant=s consent, it is the State=s burden to prove the reasonableness
of the stop at the suppression hearing.  Cook,
63 S.W.3d at 927. 

3.         Application of Law to Facts

In
this case, Officer Newman was the only witness to testify at the motion to
suppress hearing. Appellant did not present any witnesses at the hearing,
though Newman was cross-examined. 
Appellant did, however, submit an affidavit in support of his motion.[5]

According
to his affidavit, appellant was dropping off a client, the passenger in the
car, on his way to meet with another client when he saw some people in a
parking lot.  Appellant stated that he
pulled into the parking lot to ask directions, but then realized the people
were very young, so he left the parking lot after a few seconds and proceeded
onto the four-lane road.  He also stated
that traffic was very light at that time.         

According
to Newman=s testimony, his attention was first
drawn to appellant=s Mercedes because it was blocking traffic. He and his
partner observed the vehicle stopped in the inside lane of a four-lane road,
blocking a moving lane of traffic, just short of the intersection.  Newman described the traffic that evening as
moderate to heavy.  He testified that he
observed several vehicles stop behind the Mercedes and wait to merge into the
other lane of traffic to continue along the road.  He observed the Mercedes stopped in the
roadway, blocking traffic, for approximately fifteen seconds when he decided to
conduct the traffic stop.  According to
Newman=s testimony, the Mercedes was Acreating a road hazard at that time
based on where it was parked, the traffic conditions, the proximity to the []
intersection.@ 









Although
appellant asserts that Newman Acharacterized@ the traffic regulation violated as section 42.03 of the Texas
Penal Code, Newman did not specify which statute or traffic regulation he
relied on in initiating the stop.  Under
section 42.03, a person commits an offense if he intentionally, knowingly, or
recklessly obstructs a public highway or street, regardless of the means of
obstruction.  See Tex. Pen. Code Ann. ' 42.03(a)(1) (Vernon 2003).  AObstruct@ is defined in that section as Ato render impassable or to render
passage unreasonably inconvenient or hazardous.@ 
Id. ' 42.03(b)  Assuming
without deciding that Newman was initiating the traffic stop based on a
violation of this section, Newman=s testimony, taken as true, supports
the claim that he reasonably believed appellant was obstructing traffic in
violation of the provision.  See, e.g.,
Haye v. State, 634 S.W.2d 313, 315B16 (Tex. Crim. App. 1982) (finding
gravamen of offense under section 42.03 is obstruction of public passageway and
affirming conviction under that section based on testimony that a pedestrian had
to exit the sidewalk and walk in a muddy median due to appellant=s blocking of the sidewalk);
Valencia v. State, 820 S.W.2d 397, 400 (Tex. App.CHouston [14th Dist.] 1991, pet. ref=d) (finding valid traffic stop,
noting issue is not whether offense was actually committed, but whether the
officer had probable cause to believe the appellant committed the offense).[6]  








Appellant
argues, however, that section 42.03 generally involves picketing or
demonstrations, where a defendant purposefully obstructs a street to call
attention to his Aprotected speech activities.@ 
He also asserts that a vehicle stopped for fifteen seconds cannot be a
violation of the regulation.  The plain
language of section 42.03 does not indicate it is only applicable to picketing activities.  See Haye, 634 S.W.2d at 314B15 (finding violation of section
42.03 in non-picketing situation).  If an
individual intentionally, knowingly, or recklessly, obstructs a public highway
or street, he may be guilty of violating the provision.  See Tex.
Pen. Code Ann. ' 42.03(a)(1); Haye, 634 S.W.2d at 315B16. 
In this case, Newman=s testimony supports a reasonable belief appellant was
violating section 42.03. 

Moreover,
as argued by the State, Newman=s testimony also supports a reasonable belief that appellant
was violating section 545.363 of the Transportation Code, which provides that
an operator may not drive so slowly as to impede the normal and reasonable
movement of traffic.  See Tex. Transp. Code Ann. ' 545.363(a) (Vernon 1999); Green
v. State, 773 S.W.2d 816, 818B19 (Tex. App.CSan Antonio 1989, no pet.)
(interpreting section 545.363 to apply to stationary vehicles).  Under either of these legal bases, Newman=s testimony evidences that he had a
reasonable belief a traffic violation had occurred.  See Cook, 63 S.W.3d at 927 (stating we
must uphold the trial court=s decision if it is correct on any theory of law applicable
to the case). 

Viewing
the record evidence in the light most favorable to the trial court=s ruling, under the totality of the
circumstances, Newman had a reasonable suspicion to initiate the traffic stop.  See, e.g., Powell, 5 S.W.3d at
376B77; see also Drago, 553 S.W.2d
at 377B78; James, 102 S.W.3d at 171B72; Cook, 63 S.W.3d at 928B29; Valencia, 820 S.W.2d at
399.  Thus, the trial court did not err
in denying appellant=s motion to suppress. 
Accordingly, we overrule appellant=s sole issue and affirm the judgment
of the trial court.  

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered
and Memorandum Opinion filed April 28, 2005.

Panel consists of
Justices Yates, Edelman, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  The trial
court certified appellant=s right to appeal. 





[2]  The record
reflects the passenger was arrested for illegally possessing prescription
drugs. 





[3]  Section 42.03
provides, in part, that a person commits an offense if he intentionally,
knowingly, or recklessly obstructs a highway, street, or exit, used by the
public, regardless of the means of creating the obstruction.  See Tex.
Pen. Code Ann. ' 42.03 (Vernon 2003).





[4]  The issue
before this court is narrowly drawn. 
Neither the State nor appellant makes any argument regarding appellant=s actions prior to the moment the vehicle was actually
stopped and the evidence discovered; that is, they do not include any arguments
concerning appellant=s failure to immediately stop, the officers= observations of appellant=s Afrantic@
movements, his throwing something out of the window, nor the fact that the
evidence was found in plain view. 





[5]  When a hearing
on a motion to suppress evidence is granted, the court has the discretion to
determine the merits of the motion based on the motion itself, upon opposing
affidavits, or upon oral testimony.  Tex. Code Crim. Proc. Ann. art. 28.01 ' 1(6) (Vernon 1989). 
We apply a deferential standard of review to the trial court=s resolution of historical facts even if submitted by
affidavit rather than live testimony.  See
Whitehead v. State, 130 S.W.3d 866, 875 n.42 (Tex. Crim. App. 2004).





[6]  But see
Morrison v. State, 71 S.W.3d 821, 828B29 (Tex.
App.CCorpus Christi 2002, no pet.) (finding passage was not
unreasonably inconvenient because one lane of traffic was not obstructed). In Morrison,
however, the evidence indicated there was no traffic at the time the vehicle
was stopped.  Here, the evidence
establishes that there was moderate to heavy traffic and, because the vehicle
was stopped so close to the intersection, it created a hazard for cars turning
onto that street.